**Ex Parte Mitchell Austin
BAKER, Applicant.**

**No. AP–75196.**

Court of Criminal Appeals of Texas,
En banc.

Feb. 8, 2006.

Andrew M. Chatham, Dallas, for Appellant.

Christina O'Neal, Asst. District Atty., Dallas, Matthew Paul, State's Atty., Austin, for State.

WOMACK, J., delivered the opinion for a unanimous Court.

The issue in this case is whether the post-conviction writ of habeas corpus under Article 11.07 of the Code of Criminal Procedure is available for complaints that counsel performed inadequately on a motion for forensic DNA testing under Chapter 64 of the Code. We hold that it is not.

### The Applicant

In 1995 a jury found Mitchell Austin Baker guilty of the felony offenses of aggravated sexual assault and compelling prostitution. He was sentenced to twenty years' imprisonment. The judgments of conviction were affirmed on appeal in 1998.[1]

### The Motion for Forensic DNA Testing

In 2001, Chapter 64 of the Code of Criminal Procedure was enacted. It allows a convicted person to submit to the convicting court a motion for forensic DNA testing of evidence containing biological

---

**1.** *Baker v. State,* 05–96–00705–CR & 05–96–00706–CR, 1998 WL 70631 (Tex.App.-Dallas, February 20, 1998, pet.ref'd) (not designated for publication).

material [2] if (1) the material was secured in relation to the person's offense and was in the possession of the State during the trial of the offense,[3] and if (2) it either (a) was not subjected to DNA testing for certain reasons,[4] or (b) can be subjected to additional testing with newer techniques.[5]

The statute entitles a convicted person to counsel during the proceeding.[6] In its original enactment, which was in effect for Baker's motion, the statute required appointment of counsel for an indigent person.[7] In 2003, an amendment limited the requirement of counsel to cases in which the court finds reasonable grounds for a motion to be filed.[8]

The statute requires that the court provide the prosecutor with a copy of the motion. The court must require the prosecutor to deliver the evidence to the court or to explain why he cannot.[9]

The statute permits, and in some instances it requires, the convicting court to make findings on a motion. Initially, the statute requires the court to have made certain findings before it may order forensic DNA testing.[10] If the court orders testing, it makes another finding after examining the results and holding a hearing.[11]

The statute does not say that a favorable finding will have any effect on the conviction.

The statute provides an appeal. It says, "An appeal under this chapter is ... in the same manner as an appeal of any other criminal matter." [12]

In 2002, Baker moved for forensic DNA testing. The convicting court appointed an attorney for him. After receiving the State's explanation that no biological material was collected in the applicant's cases, the court denied testing without holding a hearing. Baker appealed, and the convicting court's decisions were affirmed.[13]

### The Habeas Corpus Application

Now Baker, still confined in prison, seeks post-conviction habeas corpus relief under Sections 1, 3, 4, 5, 6, and 7 of Article 11.07 of the Code of Criminal Procedure. Those are the sections in which the article "establishes the procedures" for relief from confinement after final felony conviction.[14] "After conviction, the procedure outlined in [those sections] shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner." [15] (The often overlooked Section 2 of the article authorizes another kind of writ of habeas corpus, which a district court may issue after indictment, but before conviction, in a felony case.)

"After final conviction" in a non-death-penalty felony case, "the writ must be

2. Code Crim. Proc. art. 64.01(a).

3. See id., art. 64.01(b).

4. See id., art. 64.01(b)(1).

5. See id., art. 64.01(b)(2).

6. See id., art. 64.01(c).

7. Act of April 5, 2001, 76th Leg., R.S., ch. 1, § 2, art. 64.01(c), 2001 Tex. Gen. Laws 2.

8. Act of May 9, 2003, 77th Leg., R.S., ch. 13, § 1, 2002 Tex. Gen. Laws 16.

9. See Code Crim. Proc., art. 64.02.

10. See id., art. 64.03(a).

11. See id., art. 64.04.

12. Id., art. 64.05.

13. Baker v. State, 05–02–01905–CR & 05–02–01906–CR (Tex.App.-Dallas August 19, 2003) (not designated for publication).

14. Code Crim. Proc. art. 11.07, § 1.

15. Id., § 5.

made returnable to the Court of Criminal Appeals at Austin, Texas."[16] When an application for writ of habeas corpus in such a case is "filed with the clerk of the of the court in which the conviction being challenged was obtained" and "the application is received by that court, a writ of habeas corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law."[17]

Because Baker filed such an application in the convicting court, a writ of habeas corpus, returnable to this court, issued by operation of law.

The issue is whether the application seeks relief from confinement after final felony conviction, which is the particular kind of restraint that may be questioned in such a habeas corpus proceeding.

■ We have recognized that favorable results of DNA testing under Chapter 64 may be used in post-conviction habeas corpus. A claim of actual innocence may be made under Article 11.07 to seek relief from confinement.[18] In *Ex parte Tuley*, we said that "after obtaining [under Chapter 64] test results that constitute affirmative evidence of innocence," the writ of habeas corpus under article 11.07 would be the "vehicle for relief" from a judgment of conviction for a felony in which the punishment was other than death.[19] We have granted relief by post-conviction writs of habeas corpus to convicted persons who used favorable forensic DNA test results to prove actual innocence.[20]

Baker's habeas corpus application is not based on favorable results from the Chapter 64 proceeding. His application presents two claims for relief that we have docketed for consideration:

(1) ineffective assistance of counsel in the convicting court because "he did not pursu[e] the challenging of the sufficiency of the ... evidence (DNA), [and] failed to comply with ... art. 64.03(a)(2)[21] ... to represent the entire proceeding of DNA testing," and

(2) "ineffective assistance of appeal attorney" because the attorney stated that he felt that DNA testing would have yielded favorable results "but he himself failed to order one in this cause."

We ordered the convicting court to insure that Baker was provided a different counsel for this proceeding, and we ordered the parties to brief the issue of the cognizability of these claims for habeas corpus relief under Article 11.07.

Baker presents three arguments for cognizability:

---

16. *Id.*, § 2.

17. *Id.*, § 3(b).

18. *Ex parte Elizondo,* 947 S.W.2d 202 (Tex.Cr. App.1996).

19. 109 S.W.3d 388, 391 (Tex.Cr.App.2002) (*dicta*).

20. *See, e.g., Ex parte Karage,* AP–75,252, 2005 WL 2374440 (Tex.Cr.App. September 28, 2005) (not designated for publication); *Ex parte Sutton,* AP–75,181 (Tex.Cr.App. May 25, 2005) (not designated for publication); *Ex parte Ochoa,* No. 74,246 (Tex.Cr.App. September 19, 2001) (not designated for publication).

21. CODE CRIM. PROC. art. 64.03:

"(a) A convicting court may order forensic DNA testing under this chapter only if:
"(1) ...
"(2) the convicted person establishes by a preponderance of the evidence that:
"(A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and
"(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice."

(1) "[B]ased on *Tuley*, it appears that Art. 11.07 is the procedure intended by the legislature for convicted persons to obtain relief under motions filed pursuant to Art. 64.01." [22]

(2) Although "[g]enerally a · claim which was previously raised and rejected on direct appeal is not cognizable through *Habeas Corpus* ..., this doctrine should not be applied where appeal cannot be expected to provide an adequate record to evaluate the claim in question, and the claim might be substantiated through additional evidence gathered in a *Habeas Corpus* proceeding. ... [T]his Court specifically stated that a claim of ineffective assistance of counsel is a cognizable claim that may be raised in a writ" of habeas corpus because appeal was inadequate.[23]

(3) This claim is not like a claim in a subsequent habeas-corpus application that counsel was ineffective in an earlier habeas proceeding "since an individual does not have a constitutional right to counsel [in habeas, but] ... Article 64.01(c) specifically states, 'a convicted person is entitled to counsel during a proceeding under this chapter.' " [24]

We do not find the arguments to be persuasive.

■ After a criminal conviction, a person is confined by the judgment of a court of competent jurisdiction. If the conviction has been imposed without jurisdiction or by violation of constitutional protections, or if an innocent person has been convicted, the collateral procedure of habeas corpus will lie to free the person from the unlawful confinement.

■ In *Ex parte Tuley*, we referred to an earlier decision that habeas corpus lay for a claim that an applicant was unlawfully confined by a judgment of conviction for an offense of which he was actually innocent. We said that a favorable result of forensic DNA testing under Chapter 64 could be evidence to support such a claim for relief by proving actual innocence. This is no support for an argument that an unfavorable result, or an error in procedure, under Chapter 64 is itself a confinement for which habeas corpus lies. A Chapter 64 motion can help a convicted person who is confined by a judgment of conviction, and the statute provides appeal to correct an error in the proceeding. But a Chapter 64 motion's failure to help does not impose an independent confinement.

The statutory right to counsel under Chapter 64 does not alter the analysis. If a person is confined by a judgment of conviction, counsel can assist him in seeking relief, but no assistance of counsel, however bad, can lead to an independent confinement. Neither Chapter 64 nor Article 11.07 calls for the remedy of habeas corpus.

Although we need not decide whether another remedy is available in a case in which an convicted person did not receive adequate assistance of counsel in a Chapter 64 proceeding, we may observe that, in some cases, a convicted person may get relief from defective representation by counsel through appeal under that chapter. We also see that Chapter 64 does not prohibit a second, or successive, motion for forensic DNA testing, and that a convicting court may order testing of material that was not previously tested "through no fault of the convicted person, for reasons that are of a nature that the interests of

---

**22.** Brief, at 4.

**23.** *Id.*, at 4–5.

**24.** *Id.*, at 5 (citations omitted).

justice require DNA testing."[25]

Baker is not confined because of any error in his Chapter 64 proceeding. Therefore the post-conviction writ of habeas corpus is not available for his claims of ineffective assistance of counsel in those proceedings.

The application is dismissed.

---

**25.** CODE CRIM. PROC. art. 64.01(b)(1)(B).