In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-114 CR


____________________



ELROY CORMIER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 74564






MEMORANDUM OPINION


 Appellant Elroy Cormier was convicted of aggravated robbery and sentenced to
seventy-five years of confinement. After his conviction, Cormier filed a request for DNA
testing pursuant to Article 64.01(a) of the Texas Code of Criminal Procedure. See Tex.
Code Crim. Proc. Ann. art. 64.01(a) (Vernon 2006). In his motion, Cormier requested
forensic testing of a knife. The trial court denied Cormier's motion. In its order denying
Cormier's motion, the trial court noted that Cormier had previously filed a motion for DNA
testing on January 23, 2004, and stated, "therefore the court will not review this new
motion." (1) We interpret the trial court's order as a denial of Cormier's motion. Cormier then
filed this appeal, in which he raises six issues for our review. We affirm.

 In his first issue, Cormier argues he "was denied his statutory right to counsel during
a motion for post-conviction DNA testing." Article 64.01© of the Texas Code of Criminal
Procedure provides as follows, in pertinent part: "A convicted person is entitled to counsel
during a proceeding under this chapter. The convicting court shall appoint counsel for the
convicted person if the person informs the court that the person wishes to submit a motion
under this chapter, the court finds reasonable grounds for a motion to be filed, and the court
determines that the person is indigent." Tex. Code Crim. Proc. Ann. art. 64.01© (Vernon
2006). Subsection (a) of article 64.01 provides that a motion for post-conviction DNA
testing "must be accompanied by an affidavit, sworn to by the convicted person, containing
statements of fact in support of the motion." Id. art. 64.01(a). Here, Cormier's motion was
not accompanied by an affidavit. Therefore, the trial court did not abuse its discretion by
determining that reasonable grounds for the motion to be filed did not exist. See id. art.
64.01(a), ©. Accordingly, Cormier had no statutory right to counsel. See id. art. 64.01(c). 
We overrule issue one.

 In his second issue, Cormier contends the State "fraudulently deceived" the trial court
into denying his motion. In his third issue, Cormier argues the trial court "abused its
discretion by relying upon an incorrect assessment of the facts when denying appellant's
motion for DNA testing." In his fourth issue, Cormier argues the trial court "abused its
discretion by misapplying the law to the facts." We address these issues together. Cormier
directs us to nothing in the record that supports these bare allegations, and we have found
nothing to support them in our review of the record. Therefore, we overrule issues two,
three, and four.

 In his fifth issue, Cormier argues that the State destroyed biological evidence in
violation of Article 38.43 of the Texas Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 38.43 (Vernon Supp. 2006). In his sixth issue, Cormier asserts the State
"illegally destroyed the biological evidence appellant needs for DNA testing . . ., which
denied appellant access to Brady material in violation of the 14th Amendment of the United
States Constitution." We address issues five and six together. Article 38.43 provides as
follows, in pertinent part:

 (b) This article applies to evidence that:

 

 (1) was in the possession of the state during the prosecution of the case;
and


 (2) at the time of conviction was known to contain biological material that
if subjected to scientific testing would more likely than not:


 (A) establish the identity of the person committing the offense; or


 (B) exclude a person from the group of persons who could have
committed the offense.


 © Except as provided by Subsection (d), material required to be preserved under
this article must be preserved:


 . . .


 (2) until the defendant dies, completes the defendant's sentence, or is
released on parole or mandatory supervision, if the defendant is
sentenced to a term of confinement or imprisonment.


 (d) The attorney representing the state, clerk, or other officer in possession of
evidence described by Subsection (b) may destroy the evidence, but only if the
attorney, clerk, or officer by mail notifies the defendant, the last attorney of
record for the defendant, and the convicting court of the decision to destroy the
evidence and a written objection is not received by the attorney, clerk, or 
officer from the defendant, attorney of record, or court before the 91st day
after the later of the following dates:


 (1) the date on which the attorney representing the state, clerk, or other
officer receives proof that the defendant received notice of the planned
destruction of evidence; or


 (2) the date on which notice of the planned destruction of evidence is
mailed to the last attorney of record for the defendant.


 (e) To the extent of any conflict, this article controls over Article 2.21.


Id. The record does not establish Cormier's assertion that the evidence has been destroyed,
nor does it establish that the evidence was known to contain potentially exculpatory
biological material. See id. Accordingly, we overrule issues five and six and affirm the trial
court's judgment.

 AFFIRMED.



 

 STEVE McKEITHEN

 Chief Justice


Submitted on May 30, 2007

Opinion Delivered July 11, 2007

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.

1. We note that the Court of Criminal Appeals has held that Chapter 64 does not
prohibit the filing of more than one motion for DNA testing. See Ex parte Baker, 185
S.W.3d 894, 897-98 (Tex. Crim. App. 2006).