COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-091-CR

MAURICE GLENN WILLIS, SR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In five points, Appellant Maurice Glenn Willis, Sr. appeals the denial of his post-conviction motion for forensic DNA testing.  We affirm. 

BACKGROUND

In 2000, a jury found Appellant guilty of the capital murder of his stepfather and the trial court sentenced him to confinement for life.  This court affirmed Appellant’s conviction.  
See Willis v. State
, No. 02-00-00318-CR (Tex. App.—Fort Worth July 6, 2001, no pet.) (not designated for publication).  In our opinion, we recited the evidence in great detail.  
Id.  
The brief facts are that Appellant lived in a room in the decedent’s house.  
Id.
 at 1-2.  The decedent was found dead in his bedroom, covered with a mattress, and his home had been ransacked.  
Id.
 at 2.  Appellant’s girlfriend testified that Appellant killed the decedent with a gun in her presence, shooting him in the face and multiple times in the back and chest, cut his head with a knife, and then 
pulled a mattress over the decedent’s body.  
Id.
 at 3-4.

In 2002, Appellant filed a pro se motion for forensic DNA testing under article 64.01 of the Texas Code of Criminal Procedure.
(footnote: 2)  
In 2004, the trial court denied Appellant’s request for forensic DNA testing and expressly adopted the State’s proposed findings of fact and conclusions of law.
(footnote: 3)  Appellant did not appeal this ruling.
(footnote: 4)
 On August 17, 2005, Appellant filed a second pro se motion for forensic DNA testing.  
The appellate record before this court does not reflect any disposition of this motion.  On November 2, 2005, Appellant filed a third pro se motion for forensic DNA testing.
  
Because the motion filed on November 2, 2005 is the last-filed motion, that is the one we presume the trial court considered and denied on February 16, 2006.
(footnote: 5)  The parties and the trial court consistently refer to the current motion that was denied by the trial court as Appellant’s “second” motion for DNA testing.  Therefore, so as to eliminate any confusion in this opinion, we will refer to the motion last ruled upon by the trial court as Appellant’s second motion, despite the fact that it was actually the third motion for forensic DNA testing that Appellant filed in the trial court.

After Appellant’s subsequent inquiry to the trial court about the status of his current motion, the trial court notified Appellant on February 16, 2006 as follows:  “No right to ‘Second Motion’ after ruling on [first] motion (attached), therefor court will not address new motion.”
(footnote: 6)  Appellant was appointed an attorney for purposes of appeal.

STANDARD OF REVIEW

In reviewing a trial court’s decision on a motion for DNA testing, we employ a bifurcated standard of review.  
See Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).
 
 
We afford almost total deference to the trial court’s determination of issues of historical fact and issues of
 
application of law to fact that turn on credibility and demeanor of witnesses.
  See id.  
But we review de novo other application-of-law-to-fact issues that do not turn on the credibility and demeanor of witnesses.
  See id.; 
Reger v. State
, 222 S.W.3d 510, 514 (Tex. App.—Fort Worth 2007, pet. ref’d).

A trial court must order DNA testing only if the statutory requirements of article 64.03 are met, that is, only if (1) the evidence still exists and identity was or is an issue in the case; and (2) the convicted person establishes by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing. 
 Tex. Code Crim. Proc. Ann.
 art. 64.03
.  If the evidence no longer exists or if identity was not or is not still an issue in the case, then the trial court cannot order DNA testing.  
See Lewis v. State
, 191 S.W.3d 225, 228-29 (Tex. App.—San Antonio 2005, pet. ref’d).

DISCUSSION

In five points, Appellant contends that the trial court erred when it failed to appoint counsel at the time Appellant filed his first motion for forensic DNA testing in 2002; by not treating the second motion as though it were a first motion for forensic DNA testing; in ruling that Appellant was not entitled to a second or successive motion for forensic DNA testing; in determining that identity was not or is not an issue in this case; and in denying Appellant’s first and second motions for forensic DNA testing because evidence does exist that can be tested and show Appellant’s innocence.  

Appellant initially contends that the trial court erred when it failed to appoint counsel at the time the court ruled upon Appellant’s first motion for forensic DNA testing, filed in 2002.  Appellant did not appeal the trial court’s denial of his first request for forensic DNA testing, and he may not now raise alleged error in the trial court’s 2004 final ruling; the propriety of that order is not before us.
(footnote: 7)  For the same reason, because Appellant did not appeal the trial court’s denial of Appellant’s first motion for forensic DNA testing, the trial court was correct in not treating Appellant’s second motion for forensic DNA testing as though it were the first such motion filed by him.  Accordingly, we overrule Appellant’s first and second points.

In his third point, Appellant claims that the trial court erred in ruling that Appellant was not entitled to a second or successive motion for forensic DNA testing.  
In his fourth point, Appellant contends that the trial court erred when it found that identity was not or is not an issue in this case and denied Appellant’s first and second motions for forensic DNA testing. 
 
In their appellate briefs, both parties treat the language in the trial court’s February 16, 2006 ruling (
“No right to ‘Second Motion’ after ruling on [first] motion (attached), therefor court will not address new motion.”) 
as a denial of the second motion for forensic DNA testing rather than a refusal to rule.  Additionally, when this court abated the appeal and remanded the case to the trial court to determine whether Appellant wished to proceed pro se or whether counsel should be appointed on appeal, the trial court stated at the hearing that “The Court treated it [the second motion] as an adverse ruling, or a denial of the second DNA test,” and that “I found both times in making my decisions that the standard for legal testing just simply had not been met.  And, therefore, I felt compelled to follow the requirements of the statute and legally poured you out twice instead of once because of what I felt the law required.”  Accordingly, we will treat the trial court’s ruling as a denial of Appellant’s second motion for forensic DNA testing.
(footnote: 8)
 As we have just held, Appellant may not now attack the trial court’s 2004 order which he did not appeal.  The language of Appellant’s first and second motions is virtually identical; both motions track the statutory language of chapter 64.  However, the affidavits attached to the motions list different items that Appellant seeks to have tested.  The affidavit attached to the first motion lists five specific items that Appellant requested be tested; the affidavit attached to the second motion lists seventeen different specific items that Appellant requested be tested.
(footnote: 9)
 In its extensive findings of fact and conclusions of law addressing the denial of Appellant’s first motion for forensic DNA testing, the trial court found that Appellant had not shown a reasonable probability that forensic DNA testing would exonerate him in light of the substantial evidence of his guilt, Appellant’s identity was not or is not an issue in this case because he committed this murder in the presence of a third party, and therefore Appellant did not meet the requirements of article 64.03 for forensic DNA testing.  In his second motion for forensic DNA testing, Appellant made no attempt to present the trial court with any different reasons for granting the motion.  He did not allege any new fact or theory that would defeat the trial court’s earlier findings of fact and conclusions of law.  Further, Appellant’s second motion made no effort to show the trial court that the interests of justice require forensic DNA testing.  We overrule Appellant’s third and fourth points.

In his fifth point, Appellant avers that the trial court erred in denying his first and second motions for forensic DNA testing because evidence exists that can be tested and show Appellant’s innocence.  As discussed above, we may not address the propriety of the trial court’s ruling on Appellant’s first motion because Appellant did not appeal the trial court’s ruling on that motion.  In his second motion for forensic DNA testing, Appellant sought to have seventeen specific pieces of evidence tested to show there was a reasonable probability of exonerating him of the offense.  
These same seventeen pieces of evidence were addressed in 
the trial court’s findings of fact regarding Appellant’s first motion, and the trial court at that time concluded that Appellant had not shown a reasonable probability that forensic DNA testing would exonerate him in light of the substantial evidence of his guilt.  Appellant did not appeal that ruling and may not now challenge the trial court’s ruling regarding his first motion for forensic DNA testing.  Further, Appellant has not presented the trial court with any new 
fact or theory that would defeat the trial court’s earlier findings of fact and conclusions of law. 
 We overrule Appellant’s fifth point.

CONCLUSION

Having overruled all five of Appellant’s points, we hold that the trial court did not err in denying Appellant’s second motion for forensic DNA testing.  Accordingly, we affirm the judgment of the trial court.

DIXON W. HOLMAN

JUSTICE

PANEL F:  HOLMAN, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 27, 2007

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.

2:
Because Appellant filed his first motion for forensic DNA testing on November 25, 2002, his motion was governed by the 2001 law. 
See
 Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2-4, 
amended by
 
Act of April 25, 2003, 78th Leg., R.S., ch. 13, §§ 8-9, 2003 Tex. Gen. Laws 16, 17 (providing that former law governs motions for forensic DNA testing filed before September 1, 2003) 
(current version at 
Tex. Code Crim. Proc. Ann.
 arts. 64.01-64.05 (Vernon 2006))
.

3:
The trial court concluded that Appellant had not shown a reasonable probability that forensic DNA testing would exonerate him in light of the substantial evidence of his guilt, that Appellant’s identity was not or is not an issue because he committed the murder in the presence of a third party, and that Appellant did not meet the requirements of article 64.03 for forensic DNA testing.

4:
See
 
Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 4 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 64.05) (permitting appeal of a ruling under chapter 64 to a court of appeals in the same manner as an appeal of any other criminal matter).

5:
The trial court’s order denying this motion was handwritten on the bottom of a cover letter from Appellant to the trial court clerk, filed February 16, 2006.  In the cover letter, Appellant inquired about the status of his motion for forensic DNA testing which he states he mailed to the trial court on January 25, 2006.  Further, in his notice of appeal to this court, Appellant states he is appealing his right to a second motion for forensic DNA testing filed on January 25, 2006.  The last motion in the appellate record before us was filed November 2, 2005.  The trial court clerk has notified this court that the last motion received by the trial court from Appellant was received and filed on November 2, 2005.  Accordingly, it appears that  the motion filed on November 2, 2005 is the motion that the trial court denied and that is the subject of this appeal.

6:
We note that on February 8, 2006, the Texas Court of Criminal Appeals observed, without further elaboration, “We also see that Chapter 64 does not prohibit a second, or successive, motion for forensic DNA testing, and that a convicting court may order testing of material that was not previously tested ‘through no fault of the convicted person, for reasons that are of a nature that the interests of justice require DNA testing.’”  
Ex parte Baker
, 185 S.W.3d 894, 897-98 (Tex. Crim. App. 2006).

7:
See Olivo v. State
, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996) (holding court of appeals has no jurisdiction to review action of trial court absent timely-filed notice of appeal); 
Tex. R. App. P.
 26.2(a) (providing deadlines by which notice of appeal must be filed). 

8:
See Cormier v. State
, No. 09-07-00114-CR, 2007 WL 2002655, at *1  (Tex. App.—Beaumont July 11, 2007, pet. filed) (mem. op. not designated for publication) (interpreting trial court’s ruling that “the court will not review this new motion,” which was appellant’s second motion for forensic DNA testing, as a denial of the motion).

9:
In its prior findings of fact and conclusions of law addressing the denial of Appellant’s first motion for forensic DNA testing, the trial court found that the Fort Worth Police Department Property Room possessed these exact same seventeen items.