COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-091-CR

 

 

MAURICE GLENN WILLIS, SR.                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 372ND DISTRICT COURT OF TARRANT
COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In five points, Appellant
Maurice Glenn Willis, Sr. appeals the denial of his post-conviction motion for
forensic DNA testing.  We affirm. 

BACKGROUND








In 2000, a jury found
Appellant guilty of the capital murder of his stepfather and the trial court
sentenced him to confinement for life. 
This court affirmed Appellant=s conviction.  See Willis v.
State, No. 02-00-00318-CR (Tex. App.CFort Worth July 6, 2001, no pet.) (not designated for
publication).  In our opinion, we recited
the evidence in great detail.  Id.  The brief facts are that Appellant lived
in a room in the decedent=s
house.  Id. at 1-2.  The decedent was found dead in his bedroom,
covered with a mattress, and his home had been ransacked.  Id. at 2.  Appellant=s girlfriend testified that Appellant killed the decedent with a gun
in her presence, shooting him in the face and multiple times in the back and
chest, cut his head with a knife, and then pulled a mattress over the decedent=s body.  Id. at 3-4.








In 2002, Appellant filed a
pro se motion for forensic DNA testing under article 64.01 of the Texas Code of
Criminal Procedure.[2]  In 2004, the trial court denied Appellant=s request for forensic DNA testing and expressly adopted the State=s proposed findings of fact and conclusions of law.[3]  Appellant did not appeal this ruling.[4]








On August 17, 2005, Appellant
filed a second pro se motion for forensic DNA testing.  The appellate record before this court
does not reflect any disposition of this motion.  On November 2, 2005, Appellant filed a third
pro se motion for forensic DNA testing.  Because the motion filed on November 2,
2005 is the last-filed motion, that is the one we presume the trial court
considered and denied on February 16, 2006.[5]  The parties and the trial court consistently
refer to the current motion that was denied by the trial court as Appellant=s Asecond@ motion for DNA
testing.  Therefore, so as to eliminate
any confusion in this opinion, we will refer to the motion last ruled upon by
the trial court as Appellant=s second motion,
despite the fact that it was actually the third motion for forensic DNA testing
that Appellant filed in the trial court.

After Appellant=s subsequent inquiry to the trial court about the status of his
current motion, the trial court notified Appellant on February 16, 2006 as
follows:  ANo right to >Second
Motion= after ruling on [first] motion (attached), therefor court will not
address new motion.@[6]  Appellant was appointed an
attorney for purposes of appeal.

                                    STANDARD OF REVIEW








In reviewing a trial court=s decision on a
motion for DNA testing, we employ a bifurcated standard of review.  See Rivera v. State, 89 S.W.3d 55, 59
(Tex. Crim. App. 2002).  We afford
almost total deference to the trial court=s determination of
issues of historical fact and issues of application of law to fact that
turn on credibility and demeanor of witnesses.  See id. 
But we review de novo other application‑of‑law‑to‑fact
issues that do not turn on the credibility and demeanor of witnesses.  See id.; Reger v. State, 222 S.W.3d 510, 514
(Tex. App.CFort Worth
2007, pet. ref=d).

A trial court must order DNA testing only if the statutory
requirements of article 64.03 are met, that is, only if (1) the evidence still
exists and identity was or is an issue in the case; and (2) the convicted
person establishes by a preponderance of the evidence that the person would not
have been convicted if exculpatory results had been obtained through DNA
testing.  Tex. Code Crim. Proc. Ann. art.
64.03.  If the evidence no longer exists
or if identity was not or is not still an issue in the case, then the trial
court cannot order DNA testing.  See
Lewis v. State, 191 S.W.3d 225, 228‑29 (Tex. App.CSan Antonio 2005,
pet. ref=d).

                                           DISCUSSION








In five points, Appellant
contends that the trial court erred when it failed to appoint counsel at the
time Appellant filed his first motion for forensic DNA testing in 2002; by not
treating the second motion as though it were a first motion for forensic DNA
testing; in ruling that Appellant was not entitled to a second or successive
motion for forensic DNA testing; in determining that identity was not or is not
an issue in this case; and in denying Appellant=s first and second motions for forensic DNA testing because evidence
does exist that can be tested and show Appellant=s innocence.  

Appellant initially contends
that the trial court erred when it failed to appoint counsel at the time the
court ruled upon Appellant=s first motion for forensic DNA testing, filed in 2002.  Appellant did not appeal the trial court=s denial of his first request for forensic DNA testing, and he may not
now raise alleged error in the trial court=s 2004 final ruling; the propriety of that order is not before us.[7]  For the same reason, because Appellant did
not appeal the trial court=s denial of Appellant=s first motion for forensic DNA testing, the trial court was correct
in not treating Appellant=s second
motion for forensic DNA testing as though it were the first such motion filed
by him.  Accordingly, we overrule
Appellant=s first and
second points.








In his third point, Appellant
claims that the trial court erred in ruling that Appellant was not entitled to
a second or successive motion for forensic DNA testing.  In his fourth point, Appellant contends
that the trial court erred when it found that identity was not or is not an
issue in this case and denied Appellant=s first and second
motions for forensic DNA testing.  In their appellate briefs, both parties
treat the language in the trial court=s February 16,
2006 ruling (ANo right to >Second Motion= after
ruling on [first] motion (attached), therefor court will not address new
motion.@) as a denial of the second motion for forensic DNA testing rather than a
refusal to rule.  Additionally, when this
court abated the appeal and remanded the case to the trial court to determine
whether Appellant wished to proceed pro se or whether counsel should be
appointed on appeal, the trial court stated at the hearing that AThe Court treated
it [the second motion] as an adverse ruling, or a denial of the second DNA
test,@ and that AI found both times
in making my decisions that the standard for legal testing just simply had not
been met.  And, therefore, I felt
compelled to follow the requirements of the statute and legally poured you out
twice instead of once because of what I felt the law required.@  Accordingly, we will treat the trial court=s ruling as a
denial of Appellant=s second motion for forensic DNA testing.[8]








 As we have just
held, Appellant may not now attack the trial court=s 2004 order which
he did not appeal.  The language of
Appellant=s first and second motions is virtually
identical; both motions track the statutory language of chapter 64.  However, the affidavits attached to the
motions list different items that Appellant seeks to have tested.  The affidavit attached to the first motion
lists five specific items that Appellant requested be tested; the affidavit
attached to the second motion lists seventeen different specific items that
Appellant requested be tested.[9]








In its extensive findings of
fact and conclusions of law addressing the denial of Appellant=s first motion for forensic DNA testing, the trial court found that
Appellant had not shown a reasonable probability that forensic DNA testing
would exonerate him in light of the substantial evidence of his guilt,
Appellant=s identity
was not or is not an issue in this case because he committed this murder in the
presence of a third party, and therefore Appellant did not meet the
requirements of article 64.03 for forensic DNA testing.  In his second motion for forensic DNA
testing, Appellant made no attempt to present the trial court with any
different reasons for granting the motion. 
He did not allege any new fact or theory that would defeat the trial
court=s earlier findings of fact and conclusions of law.  Further, Appellant=s second motion made no effort to show the trial court that the
interests of justice require forensic DNA testing.  We overrule Appellant=s third and fourth points.

In his fifth point, Appellant
avers that the trial court erred in denying his first and second motions for
forensic DNA testing because evidence exists that can be tested and show
Appellant=s
innocence.  As discussed above, we may
not address the propriety of the trial court=s ruling on Appellant=s first motion because Appellant did not appeal the trial court=s ruling on that motion.  In his
second motion for forensic DNA testing, Appellant sought to have seventeen
specific pieces of evidence tested to show there was a reasonable probability
of exonerating him of the offense.  These same
seventeen pieces of evidence were addressed in the trial court=s findings of fact
regarding Appellant=s first motion, and the trial court at
that time concluded that Appellant had not shown a reasonable probability that
forensic DNA testing would exonerate him in light of the substantial evidence
of his guilt.  Appellant did not appeal
that ruling and may not now challenge the trial court=s ruling regarding
his first motion for forensic DNA testing. 
Further, Appellant has not presented the trial court with any new fact or theory that would defeat the trial court=s earlier findings of fact and conclusions of law.  We overrule Appellant=s fifth point.








 

 

                                           CONCLUSION

Having overruled all five of
Appellant=s points, we
hold that the trial court did not err in denying Appellant=s second motion for forensic DNA testing.  Accordingly, we affirm the judgment of the
trial court.

 

DIXON W. HOLMAN

JUSTICE

 

PANEL
F:  HOLMAN, DAUPHINOT, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 27, 2007











[1]See Tex. R.
App. P. 47.4.





[2]Because Appellant filed his first
motion for forensic DNA testing on November 25, 2002, his motion was governed by
the 2001 law. See Act of April 3, 2001, 77th
Leg., R.S., ch. 2, ' 2,
2001 Tex. Gen. Laws 2, 2-4, amended by Act of April 25, 2003, 78th Leg., R.S., ch. 13, '' 8‑9, 2003 Tex. Gen.
Laws 16, 17 (providing that former law governs motions for forensic DNA testing
filed before September 1, 2003) (current version at Tex. Code Crim. Proc. Ann. arts.
64.01-64.05 (Vernon 2006)).

 





[3]The trial court concluded that
Appellant had not shown a reasonable probability that forensic DNA testing
would exonerate him in light of the substantial evidence of his guilt, that
Appellant=s identity was not or is not an
issue because he committed the murder in the presence of a third party, and
that Appellant did not meet the requirements of article 64.03 for forensic DNA
testing.





[4]See Act of April 3, 2001,
77th Leg., R.S., ch. 2, ' 2,
2001 Tex. Gen. Laws 2, 4 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.05)
(permitting appeal of a ruling under chapter 64 to a court of appeals in the
same manner as an appeal of any other criminal matter).





[5]The trial court=s order denying this motion was
handwritten on the bottom of a cover letter from Appellant to the trial court
clerk, filed February 16, 2006.  In the
cover letter, Appellant inquired about the status of his motion for forensic
DNA testing which he states he mailed to the trial court on January 25,
2006.  Further, in his notice of appeal
to this court, Appellant states he is appealing his right to a second motion
for forensic DNA testing filed on January 25, 2006.  The last motion in the appellate record
before us was filed November 2, 2005. 
The trial court clerk has notified this court that the last motion
received by the trial court from Appellant was received and filed on November
2, 2005.  Accordingly, it appears
that  the motion filed on November 2,
2005 is the motion that the trial court denied and that is the subject of this
appeal.





[6]We note that on February 8, 2006,
the Texas Court of Criminal Appeals observed, without further elaboration, AWe also see that Chapter 64 does
not prohibit a second, or successive, motion for forensic DNA testing, and that
a convicting court may order testing of material that was not previously tested
>through no fault of the convicted
person, for reasons that are of a nature that the interests of justice require
DNA testing.=@ 
Ex parte Baker, 185 S.W.3d 894, 897-98 (Tex. Crim. App. 2006).





[7]See Olivo v. State, 918 S.W.2d 519, 522-23 (Tex.
Crim. App. 1996) (holding court of appeals has no jurisdiction to review action
of trial court absent timely-filed notice of appeal); Tex. R. App. P. 26.2(a) (providing deadlines by which notice
of appeal must be filed). 





[8]See Cormier v. State, No. 09-07-00114-CR, 2007 WL 2002655,
at *1  (Tex. App.CBeaumont July 11, 2007, pet. filed)
(mem. op. not designated for publication) (interpreting trial court=s ruling that Athe court will not review this new
motion,@ which was appellant=s second motion for forensic DNA
testing, as a denial of the motion).





[9]In its prior findings of fact and
conclusions of law addressing the denial of Appellant=s first motion for forensic DNA
testing, the trial court found that the Fort Worth Police Department Property
Room possessed these exact same seventeen items.