

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-08-160-CV

IN RE SADIQ OLASUNKANMI ADELEKE                                             RELATOR

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

In this original proceeding, Relator Sadiq Olansunkanmi Adeleke seeks a writ of mandamus to compel the trial court to rule on his second motion for postconviction DNA testing under chapter 64 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01 (Vernon Supp. 2008), .011 (Vernon 2006), .02–.03 (Vernon Supp. 2008). We conditionally grant the writ.

---

[1] *See* TEX. R. APP. P. 47.4.

## Background

In 1997, a jury convicted Relator of sexually assaulting a child under the age of fourteen, and the trial court sentenced him to forty years' confinement. In 2002, Relator filed a motion for postconviction DNA testing, which the trial court denied. We affirmed the denial, noting that

> [t]he trial court's findings of fact from the hearing state that appellant's identity "was not or is not an issue in this case since he admitted to the sexual assault of his step-daughter." Appellant does not challenge the finding that he admitted sexually assaulting the victim. Moreover, appellant's written confessions show that he admitted touching the victim's vagina with his penis and hand.
>
> Appellant also has not shown that identity was ever an issue at trial, nor does the record before us reveal that it was an issue. Furthermore, identity was not an issue on appeal from the judgment of conviction.

*Adeleke v. State*, No. 02-03-00154-CR, 2003 WL 22862669, at *1 (Tex. App.—Fort Worth Dec. 4, 2003, pet. ref'd).

Relator filed a second motion for postconviction DNA testing in the trial court in February 2008. He filed this mandamus proceeding in April, complaining that the trial court had not taken the action required by articles 64.02 and 64.03. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.02, 64.03. We requested a response from the State, which prompted the State to file a response to Relator's motion in the trial court. On May 1, the State filed a response to Relator's petition for writ of mandamus in this court, arguing that we should deny the petition because article 64.03 does not impose a specific

2

deadline on a trial court to rule on a motion for postconviction DNA testing.  As of the date of this opinion, the trial court has not ruled on Relator's motion.

**Analysis**

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal.  *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).  A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.  *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)*.*

Chapter 64 does not prohibit the filing of a second or successive motion for DNA testing.  *Ex parte Baker*, 185 S.W.3d 894, 897 (Tex. Crim. App. 2006).  But neither, as the State observes, does it impose a deadline on a trial court to rule on a motion for DNA testing, but that does not mean the trial court has unfettered discretion to postpone a ruling indefinitely.  When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial.  *White v. Reiter,* 640 S.W.2d 586, 594 (Tex. Crim. App. 1982) (orig. proceeding); *Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).  The trial court has no discretion to refuse to act, but must consider and rule upon the motion within a reasonable time.  *Barnes,* 832 S.W.2d at 426*.* Thus, mandamus is available to compel a trial court to make a ruling within a

3

reasonable time. *In re Christiansen,* 39 S.W.3d 250, 251 (Tex. App.—Amarillo 2000, orig. proceeding); *Barnes,* 832 S.W.2d at 426.

Relator filed his motion for DNA testing six months ago. The State replied to the motion three months ago. Under the circumstances, the trial court has had a reasonable time to consider and rule on Relator's motion, especially in light of the fact that the trial court denied Relator's essentially identical first motion for DNA testing five years ago, a ruling which we affirmed.

## Conclusion

We hold that the trial court has abused its discretion by failing to rule on Relator's second motion for DNA testing within a reasonable time. We therefore conditionally grant the writ of mandamus directing the trial court to rule on the motion. We are confident that the trial court will comply; only if it fails to promptly do so will the writ issue.

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: August 29, 2008

4