COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-08-160-CV

 

 

IN RE SADIQ OLASUNKANMI ADELEKE                                      RELATOR

 

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

In this original proceeding, Relator Sadiq
Olansunkanmi Adeleke seeks a writ of mandamus to compel the trial court to rule
on his second motion for postconviction DNA testing under chapter 64 of the
code of criminal procedure.  See Tex. Code Crim. Proc. Ann. arts. 64.01
(Vernon Supp. 2008), .011 (Vernon 2006), .02B.03
(Vernon Supp. 2008).  We conditionally
grant the writ.








                                            Background

In 1997, a jury convicted Relator of sexually
assaulting a child under the age of fourteen, and the trial court sentenced him
to forty years= confinement.  In 2002, Relator filed a motion for
postconviction DNA testing, which the trial court denied.  We affirmed the denial, noting that

[t]he trial court=s findings of fact from
the hearing state that appellant=s identity Awas not or is not an issue in this case since he
admitted to the sexual assault of his step-daughter.@  Appellant does not challenge the finding that
he admitted sexually assaulting the victim. 
Moreover, appellant=s written confessions show that he admitted
touching the victim=s vagina with his penis
and hand.

 

Appellant also has not shown that identity was ever an issue at trial,
nor does the record before us reveal that it was an issue.  Furthermore, identity was not an issue on
appeal from the judgment of conviction.

 

Adeleke v. State, No. 02‑03‑00154‑CR, 2003
WL 22862669, at *1 (Tex. App.CFort
Worth Dec. 4, 2003, pet. ref=d).








Relator filed a second motion for postconviction
DNA testing in the trial court in February 2008.  He filed this mandamus proceeding in April,
complaining that the trial court had not taken the action required by articles
64.02 and 64.03.  See Tex. Code Crim. Proc. Ann. arts. 64.02,
64.03.  We requested a response from the
State, which prompted the State to file a response to Relator=s motion
in the trial court.   On May 1, the State
filed a response to Relator=s
petition for writ of mandamus in this court, arguing that we should deny the
petition because article 64.03 does not impose a specific deadline on a trial
court to rule on a motion for postconviction DNA testing.  As of the date of this opinion, the trial
court has not ruled on Relator=s
motion.

                                               Analysis

Mandamus relief is proper only to correct a clear
abuse of discretion when there is no adequate remedy by appeal.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135‑36 (Tex. 2004) (orig. proceeding).  A trial court clearly abuses its discretion
when it reaches a decision so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law.  Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).








Chapter 64 does not prohibit the filing of a
second or successive motion for DNA testing. 
Ex parte Baker, 185 S.W.3d 894, 897 (Tex. Crim. App. 2006).  But neither, as the State observes, does it
impose a deadline on a trial court to rule on a motion for DNA testing, but
that does not mean the trial court has unfettered discretion to postpone a
ruling indefinitely.  When a motion is
properly filed and pending before a trial court, the act of giving
consideration to and ruling upon that motion is ministerial.  White v. Reiter, 640 S.W.2d 586, 594
(Tex. Crim. App. 1982) (orig. proceeding); Barnes v. State, 832 S.W.2d
424, 426 (Tex. App.CHouston [1st Dist.] 1992, orig.
proceeding).  The trial court has no
discretion to refuse to act, but must consider and rule upon the motion within
a reasonable time.  Barnes, 832
S.W.2d at 426. Thus, mandamus is available to compel a trial court to
make a ruling within a reasonable time.  In
re Christiansen, 39 S.W.3d 250, 251 (Tex. App.CAmarillo
2000, orig. proceeding); Barnes, 832 S.W.2d at 426.

Relator filed his motion for DNA testing six
months ago.  The State replied to the
motion three months ago.  Under the
circumstances, the trial court has had a reasonable time to consider and rule
on Relator=s motion, especially in light of
the fact that the trial court denied Relator=s
essentially identical first motion for DNA testing five years ago, a ruling
which we affirmed.

                                             Conclusion

We hold that the trial court has abused its
discretion by failing to rule on Relator=s second
motion for DNA testing within a reasonable time.  We therefore conditionally grant the writ of
mandamus directing the trial court to rule on the motion.  We are confident that the trial court will
comply; only if it fails to promptly do so will the writ issue. 

PER
CURIAM

 

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

 

DELIVERED:  August 29, 2008











[1]See Tex. R. App. P. 47.4.