COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

                                        NO. 2-09-029-CV

 

IN RE MUQTASID‑A.
QADIR                                                     RELATOR

 

                                              ------------

                                    ORIGINAL
PROCEEDING

                                              ------------

                                MEMORANDUM
OPINION[1]

                                              ------------

Relator
asks this court to compel the respondent, Louis Sturns, Judge of the 213th
Judicial District Court, to rule upon a motion for DNA testing that he asserts
has been pending in the trial court for over seven years without a ruling.  The court has considered relator=s
petition for writ of mandamus and is of the opinion that relief should be
denied.








The
trial court has indicated that relator=s case
file has been closed for several years and that there is no pending motion for
DNA testing.  Because relator=s motion
for DNA testing has not been presented to respondent, he has not had an
opportunity to rule on the motion. 
Presentment of the motion to the trial court is a prerequisite to
mandamus relief.  See O=Connor
v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992) (AMandamus
will issue when there is a legal duty to perform a non‑discretionary act,
a demand for performance, and a refusal.@); In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.CAmarillo
2001, orig. proceeding) (AIndeed, one can hardly be
faulted for doing nothing if he were never aware of the need to act.@).[2]  Accordingly, relator=s
petition for writ of mandamus is denied.

 

PER CURIAM

 

 

PANEL: 
GARDNER, DAUPHINOT, and MEIER, JJ. 

 

DELIVERED: 
February 20, 2009











     [1]See
Tex. R. App. P. 47.4.





     [2]However,
we note that AChapter 64 does not
prohibit a second, or successive, motion for forensic DNA testing.@  See Ex parte Baker, 185 S.W.3d
894, 897 (Tex. Crim. App. 2006).