

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00459-CR

GREGORY MCCAIN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## CONCURRING OPINION

----------

I concur to discuss the remedy for Appellant and those similarly situated who allege that they have lost the right of appealing the denial of postconviction DNA testing through no fault of their own but because of a "breakdown in the system."[1]

---

[1]*Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006) (granting right to file out-of-time petition for discretionary review because of a "breakdown in the system").

Appellant alleges that the trial court and trial court clerk did not timely send him a copy of the July 1, 2013 order denying his motion for DNA testing and later failed to promptly file his notice of appeal after receiving it. The notice of appeal's timeliness is measured by the date of the order, not Appellant's receipt of the order; we therefore hold that his notice of appeal, allegedly mailed August 15, 2013, was untimely from its inception.[2]

Were Appellant appealing from a judgment of conviction and sentence, he could seek an out-of-time appeal via an application for writ of habeas corpus.[3] Habeas relief, however, is not available from the denial of postconviction DNA testing because such an order does not impose restraint or confinement independent of the underlying conviction and sentence.[4]

But chapter 64 does not explicitly bar the filing of multiple, successive motions seeking DNA testing of previously untested evidence containing biological material or of such evidence that was previously tested but can now be retested "with newer testing techniques that provide a reasonable likelihood of

---

[2]*See* Tex. R. App. 26.2(a).

[3]*See Ex parte Alba*, 256 S.W.3d 682, 686 (Tex. Crim. App. 2008) ("Out-of-time appeals are requests to lift a procedural bar in order to have heard the merits of the underlying habeas claim, which must challenge the verdict of guilt or the legality of the confinement."); *Riley*, 193 S.W.3d at 902.

[4]*Ex parte Baker*, 185 S.W.3d 894, 897 (Tex. Crim. App. 2006).

results that are more accurate and probative than the results of the previous test."[5]

Nor does there seem to be any obligation to wait for receipt of a written order denying the motion for DNA testing before filing a notice of appeal. A notice of appeal that is filed before it is ripe becomes ripe on the same day but after the trial court signs the order denying the motion.[6]

Barring the automatic filing of a notice of appeal along with one's motion for DNA testing or soon thereafter, the filing of a subsequent motion for DNA testing of evidence meeting article 64.01's requirements[7] would seem to be the only remedial step available to Appellant and other unrepresented inmates who complain that a breakdown in the system rather than their own acts or omissions prevented the timely filing of a notice of appeal from the denial of postconviction DNA testing.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: November 21, 2013

---

[5]Tex. Code Crim. Proc. Ann. art. 64.01(b)(2) (West Supp. 2013); *see id.* arts. 64.01–.05; *Baker*, 185 S.W.3d at 897–98.

[6]*See* Tex. R. App. P. 27.1(b); *Wright v. State*, No. 14-03-01060-CR, 2004 WL 502906, at *1 (Tex. App.—Houston [14th Dist.] Mar. 16, 2004, pet. ref'd) (mem. op., not designated for publication).

[7]*See* Tex. Code Crim. Proc. Ann. art. 64.01.