

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00402-CV

IN RE VERLEE ALBERT JR.                                        RELATOR

----------

## ORIGINAL PROCEEDING

----------

## MEMORANDUM OPINION[1]

----------

Relator Verlee Albert Jr. asks us to compel the trial court to rule and to rule favorably on his request for a free copy of his trial record or his alternative request to borrow the trial record so that he may seek postconviction relief. We conditionally grant mandamus relief in part.

---

[1]*See* Tex. R. App. P. 47.4.

Relator was convicted of aggravated robbery and sentenced to twenty-three years' confinement.[2] This court affirmed the trial court's judgment in 2008.[3] According to the website of the Texas Court of Criminal Appeals, while Relator has sought habeas relief in the past, no habeas proceeding appears to be currently pending.

To obtain mandamus relief in a criminal case, a relator must demonstrate that he does not have an adequate remedy at law to redress an alleged harm and that the act he seeks to compel is ministerial, that is, not involving a discretionary or judicial decision.[4] When a motion is properly filed and pending before a trial court, the act of considering and resolving it is ministerial.[5] Further, the trial court must act within a reasonable time.[6] But the trial court generally has no ministerial duty to rule favorably for a relator.[7]

---

[2]*Albert v. State*, No. 02-07-00373-CR, 2008 WL 2330941, at *1–2 (Tex. App.—Fort Worth June 5, 2008, pet. ref'd).

[3]*Id.* at *3.

[4]*See State ex rel. Young v. Sixth Jud. Dist. Ct. of App.*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

[5]*Id.*; *State ex rel. Hill v. Ct. of App. for Fifth Dist.*, 34 S.W.3d 924, 927 (2001); *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding); *see also In re Lockett*, No. 02-08-00452-CV, 2009 WL 1740145, at *1 (Tex. App.—Fort Worth June 16, 2009, orig. proceeding).

[6]*Lockett*, 2009 WL 1740145, at *1; *In re Christensen*, 39 S.W.3d 250, 251 (Tex. App.—Amarillo 2000, orig. proceeding).

[7]*Young*, 236 S.W.3d at 210.

In deducing what relief a pro se applicant or relator seeks, we look at a pleading's contents, not just its title.[8]

The document entitled "HABEAS CORPUS/DISTRICT COURT" mistakenly states that it is an "Application for Writ of Habeas Corpus," but the document does not seek true habeas relief because it does not complain of illegal confinement.[9] The only relief requested in the document is a free trial record or, alternatively, a trial record on loan. Relator's request has been pending in the trial court since September 13, 2013. Accordingly, we hold that the trial court has a ministerial duty to rule on the request.

We therefore conditionally grant the writ of mandamus directing the trial court to rule, whether favorably or unfavorably to Relator, on Relator's request for a free trial record and alternative request for the loan of the trial record. We are confident that the trial court will comply; only if it fails promptly to do so will the writ issue.

All other pending motions and objections filed by Relator in this court are denied.

---

[8]*White v. Reiter*, 640 S.W.2d 586, 593 (Tex. Crim. App. 1982) (orig. proceeding); *In re Garrison*, No. 07-13-00274-CV, 2013 WL 4528794, at *1 n.1 (Tex. App.—Amarillo Aug. 26, 2013, orig. proceeding).

[9]*See Ex parte Baker*, 185 S.W.3d 894, 896–97 (Tex. Crim. App. 2006).

PER CURIAM

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED:  January 7, 2014