

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1490-14

**REGINALD D. DAVIS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SECOND COURT OF APPEALS
## TARRANT COUNTY

ALCALA, J., filed a statement concurring to the order refusing appellant's petition for discretionary review, in which JOHNSON, HERVEY, and NEWELL, JJ., joined.

## CONCURRING STATEMENT

The pro se petition for discretionary review filed by Reginald D. Davis, appellant, argues that, because he did not receive timely notice of the trial court's order denying his motion for post-conviction DNA testing, his notice of appeal could not be filed within the period of time permitted under Rule 26.2, and, therefore, he is being denied access to the courts in violation of the Texas Constitution. *See* TEX. R. APP. P. 26.2(a); TEX. CONST. art. I, § 13. Although it may appear at first glance that appellant is without a remedy, I observe

that he is not precluded from filing another motion for DNA testing even if his appeal has been dismissed on jurisdictional grounds, as here. *See* TEX. CODE CRIM. PROC. arts. 64.01(a-1), 64.03; *Ex parte Baker*, 185 S.W.3d 894, 897 (Tex. Crim. App. 2006) (observing that "Chapter 64 does not prohibit a second, or successive, motion for forensic DNA testing"). If he chooses to pursue this option, appellant would then be free to appeal any subsequent denial of his motion within thirty days after the date upon which the trial court enters such an appealable order. *See* TEX. R. APP. P. 26.2(a); TEX. CODE CRIM. PROC. art. 64.05. Thus the solution, albeit an imperfect one, appears to be for appellant to simply start the entire process over again and obtain appellate review in a future proceeding. *See McCain v. State*, No. 02-13-00459-CR, 2013 WL 6157123 (Tex. App.—Fort Worth Nov. 21, 2013) (not designated for publication) (Dauphinot, J., concurring) (addressing identical situation and concluding that "the filing of a subsequent motion for DNA testing of evidence meeting Article 64.01's requirements would seem to be the only remedial step available to Appellant and other unrepresented inmates who complain that a breakdown in the system rather than their own acts or omissions prevented the timely filing of a notice of appeal from the denial of postconviction DNA testing").

More generally, I observe that this situation appears likely to repeat itself given that many individuals seeking post-conviction DNA testing are, like appellant, incarcerated and unrepresented by counsel, and given that orders in Chapter 64 proceedings are routinely issued outside the defendant's presence. In light of those factors, I would urge this Court to

consider amending the Rules of Appellate Procedure so that, in situations involving appealable orders under Chapter 64, the appellate timetables run from the date upon which a defendant receives notice or acquires actual knowledge of such an order, as opposed to the date upon which the trial court enters the order. *Compare* TEX. R. APP. P. 26.2(a) (criminal rule of appellate procedure requiring that defendant's notice of appeal be filed within thirty days after date upon which trial court enters appealable order), *with* TEX. R. APP. P. 4.2(a) (civil rule of appellate procedure providing for extended appellate timetables when party has not received timely notice of trial court's appealable order ). Such a change to the criminal rules of appellate procedure, limited to the context of Chapter 64 proceedings, would ensure that *pro se* defendants are able to exercise their right to appeal the denial of post-conviction DNA testing and would promote judicial economy by resolving such matters in a single proceeding rather than encouraging successive filings.

With these comments, I concur in the Court's refusal of appellant's petition for discretionary review.

Filed: March 18, 2015

Do Not Publish