

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,470-01

### EX PARTE DAVID MALCOM STRICKLAND, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. S-14-3187CR-HC IN THE 36TH DISTRICT COURT
### FROM SAN PATRICIO COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of capital murder and sentenced to life imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Strickland v. State, No.* 13-16-00701-CR (Tex. App.—Corpus Christi, Jan. 23, 2020). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant asserts, and the appellate court's opinion affirms, that DNA testing was performed on a pubic hair after trial. Applicant contends that the test results show that another suspect was the source of the hair. We remand this application to the 36th District Court of San Patricio County, to allow the trial judge to complete an evidentiary investigation and enter findings of fact and

conclusions of law. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that he is actually innocent and whether the evidence he provides is newly discovered. *Ex parte Brown,* 205 S.W.3d 538, 545 (Tex. Crim. App. 2006). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is represented by counsel. If Applicant is not represented by counsel, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

We remand this application to the trial court to complete its evidentiary investigation and make findings of fact and conclusions of law. To the extent that Applicant seeks DNA testing of other items, an 11.07 habeas application is not the proper vehicle for relief. *See Ex parte Baker,* 185 S.W.3d 894, 897 (Tex. Crim. App. 2006).

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 12, 2021
Do not publish