**Ex Parte Bryan P. SUHRE, Applicant.**

**No. AP–75033.**

Court of Criminal Appeals of Texas.

Feb. 8, 2006.

Jack F. Holmes, Temple, for Appellant.

Sean K. Proctor, Asst. District Atty., Belton, Matthew Paul, State's Atty., Austin, for State.

HOLCOMB, J., delivered the opinion of the unanimous Court.

This is a post-conviction habeas corpus proceeding, initiated under Article 11.07, § 1,[1] in which Bryan P. Suhre seeks relief from a trial court order denying his motion for forensic DNA testing. We will dismiss Suhre's application for habeas corpus relief.

The record reflects the following relevant facts. In June 1996, a Bell County petit jury found Suhre guilty of murder under TEX. PENAL CODE § 19.02. The jury assessed his punishment at imprisonment for 99 years. In February 1996, the Third Court of Appeals affirmed Suhre's conviction and sentence. *Suhre v. State*, No. 03–96–00438–CR, 1996 WL 727376 (Tex.App.-Austin, Dec.19, 1996, pet.ref'd) (not designated for publication). In October 2001, Suhre filed in the convicting court a *pro se* motion for forensic DNA testing. *See* Art. 64.01(a). In June 2002, the convicting court appointed counsel to represent Suhre in the DNA proceeding. *See* Art. 64.01(c). In November 2002, the convicting court issued an order denying Suhre's

---

**25.** CODE CRIM. PROC. art. 64.01(b)(1)(B).

**1.** All references and citations to articles are to those in the TEX.CODE OF CRIM. PROC.

motion for forensic DNA testing. Suhre's appointed counsel, however, took no steps to determine whether the convicting court had ruled on Suhre's motion and did not inform Suhre that his motion had been denied. In January 2003, Suhre filed an untimely *pro se* notice of appeal from the convicting court's order denying his motion for forensic DNA testing. In February 2003, the Third Court of Appeals dismissed Suhre's appeal for want of jurisdiction. *In re Suhre*, No. 03–03–00066–CR, 2003 WL 328849 (Tex.App.-Austin, Feb.13, 2003) (not designated for publication).

In January 2004, Suhre filed an application for a writ of habeas corpus in the convicting court, seeking an out-of-time appeal from the convicting court's order denying his motion for forensic DNA testing. In the application, Suhre, citing the Sixth Amendment to the United States Constitution, argued that his "appointed counsel [in the DNA proceeding had been] ineffective for failing to take reasonable steps to advise [him] that his ... motion for forensic DNA testing [had been] denied so that [he] could pursue [appellate] remedies." In July 2004, the convicting court forwarded Suhre's application to this Court, along with the convicting court's recommendation that Suhre be granted an out-of-time appeal. In October 2004, we ordered Suhre's application filed and set for submission "to determine whether an inmate who has been appointed counsel pursuant to a motion for DNA testing filed under Chapter 64 has the right to effective assistance of counsel under the Sixth Amendment." *Ex parte Suhre*, No. AP–75,033 (Tex.Crim.App.-Oct.27, 2004) (not designated for publication).

In *Ex parte Baker*, No. AP–75,196, 185 S.W.3d 894, 898 (Tex.Crim.App.2006), decided this day, we held, after a thorough discussion, that "the post-conviction writ of habeas corpus is not available for ...

claims of ineffective assistance of counsel in [Chapter 64 DNA] proceedings." However, in the course of our analysis, we noted that "Chapter 64 does not prohibit a second, or successive, motion for forensic DNA testing, and ... a convicting court may order testing of material that was not previously tested through no fault of the convicted person [if] the interests of justice require DNA testing." *Id.* at 897–98 (some internal punctuation omitted). Therefore, it is conceivable that a convicted person who receives ineffective assistance of counsel in a DNA proceeding may be entitled to relief by way of a second DNA proceeding.

In accordance with our decision in *Ex parte Baker*, we dismiss Suhre's application for habeas corpus relief.