**Ex parte John Joseph REYES,
Applicant.**

**No. AP–75280.**

Court of Criminal Appeals of Texas.

Dec. 13, 2006.

D. Craig Hughes, Houston, for appellant.

M. Elizabeth Foley, Assistant Criminal District Attorney, Galveston, Matthew Paul, State's Attorney, Austin, for State.

## *OPINION*

HOLCOMB, J., delivered the opinion for a unanimous Court.

This is a post-conviction habeas corpus proceeding, initiated under Article 11.07,[1] in which John Joseph Reyes seeks relief from a number of alleged violations in his attempts to procure post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. For the reasons stated below, we dismiss Reyes' application for habeas corpus relief.

In 1993, a Galveston County jury convicted Reyes of sexual assault of a child under Texas Penal Code § 22.011, assessing his punishment at confinement for 16 years and a $10,000 fine. His conviction was affirmed on direct appeal. In August 2001, Reyes moved for post-conviction DNA testing pursuant to Chapter 64[2] and also requested a court-appointed independent expert to assist him in reviewing the test results. The convicting court granted his motion for the DNA testing, but denied his request for an independent expert. In

July 2002, the court entered findings that the results of the DNA tests were not favorable to Reyes.

On appeal, Reyes challenged the convicting court's denial of his request for an independent expert, but the court of appeals dismissed his appeal on the ground that it constituted a "collateral attack" for which no appeal was authorized, because Reyes' request for an independent expert was "not a finding within the scope of articles 64.03 or 64.04." *Reyes v. State,* No. 01–02–00849–CR, slip op. at 3–4, 2003 WL 23096000, *2 (Tex.App.-Houston [1st Dist.] Dec. 31, 2003) (*citing Wolfe v. State,* 120 S.W.3d 368, 372 (Tex.Crim.App.2003)).

In January 2005, Reyes filed a post-conviction application for a writ of habeas corpus seeking relief on the following grounds: (1) that the trial court erred in failing to appoint an independent expert to assist the defense; (2) that the court of appeals erred in holding that it lacked jurisdiction to hear Reyes' appeal on this point; (3) that the court of appeals erred in holding that Reyes' request for an independent expert was a finding *not* within the scope of articles 64.03, 64.04, or 64.05, and thus one for which no appeal was authorized; (4) that Reyes was denied due process when his original state writ application and supplemental state writ application(s) were improperly dismissed for abuse of the writ; (5) that the prosecution acted improperly when it knowingly withheld exculpatory evidence during the post-conviction DNA testing process; (6) that Reyes received ineffective assistance of counsel both in his Chapter 64 proceedings as well as in the guilt/innocence and punishment stages of his trial; (7) that the State failed to establish the scientific relia-

---

**1.** All references and citations to articles are to those in the Texas Code of Criminal Procedure.

**2.** *See* art. 64.01–.05 (Vernon Supp.2004).

bility of DNA testing and test results through a *Daubert/Kelly*[3] "Gatekeeping" hearing prior to the trial court's finding that those results were not favorable to Reyes; and (8) that the DNA test results were legally and factually insufficient to support the trial court's findings that they were unfavorable to Reyes.

In October 2005, we ordered Reyes' application filed and set for submission to determine "whether challenges to Chapter 64 proceedings[4] are cognizable in Art. 11.07 habeas proceedings." Shortly thereafter, however, this Court issued two decisions expressly holding that "the post-conviction writ of habeas corpus is not available for ... claims of ineffective assistance of counsel in [Chapter 64 DNA] proceedings." *Ex parte Baker*, 185 S.W.3d 894, 898 (Tex.Crim.App.2006); *Ex parte Suhre*, 185 S.W.3d 898, 899 (Tex. Crim.App.2006). Although Reyes had made several claims in addition to that of ineffectiveness of counsel, he recognizes that the thrust of those two decisions is that challenges to Chapter 64 proceedings are *not* cognizable in Art. 11.07 habeas proceedings. Therefore, he concedes that "this Court has already addressed [the] issue" before us in his case. Applicant's Brief at 2.

Because the basis of our decisions in *Baker* and *Suhre* was that proceedings under Chapter 64 do not themselves challenge an inmate's conviction or sentence, we dismiss Reyes' application for habeas corpus relief.

---

**3.** *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *Kelly v. State*, 824 S.W.2d 568 (Tex.Crim.App.1992).

**4.** *See* Art. 64.01, *et seq.*