IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,280






EX PARTE JOHN JOSEPH REYES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM GALVESTON COUNTY







Holcomb, J., delivered the opinion for a unanimous Court.



O P I N I O N




 This is a post-conviction habeas corpus proceeding, initiated under Article 11.07, (1) in
which John Joseph Reyes seeks relief from a number of alleged violations in his attempts to
procure post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal
Procedure. For the reasons stated below, we dismiss Reyes' application for habeas corpus
relief.

 In 1993, a Galveston County jury convicted Reyes of sexual assault of a child under
Texas Penal Code § 22.011, assessing his punishment at confinement for 16 years and a
$10,000 fine. His conviction was affirmed on direct appeal. In August 2001, Reyes moved
for post-conviction DNA testing pursuant to Chapter 64 (2) and also requested a court-appointed independent expert to assist him in reviewing the test results. The convicting court
granted his motion for the DNA testing, but denied his request for an independent expert. 
In July 2002, the court entered findings that the results of the DNA tests were not favorable
to Reyes.

 On appeal, Reyes challenged the convicting court's denial of his request for an
independent expert, but the court of appeals dismissed his appeal on the ground that it
constituted a "collateral attack" for which no appeal was authorized, because Reyes' request
for an independent expert was "not a finding within the scope of articles 64.03 or 64.04."
Reyes v. State, No. 01-02-00849-CR, slip op. at 3-4 (Tex. App.-- Houston [1st Dist.] Dec.
31, 2003) (citing Wolfe v. State, 120 S.W. 3d 368, 372 (Tex. Crim. App. 2003)).

 In January 2005, Reyes filed a post-conviction application for a writ of habeas corpus
seeking relief on the following grounds: (1) that the trial court erred in failing to appoint an
independent expert to assist the defense; (2) that the court of appeals erred in holding that it
lacked jurisdiction to hear Reyes' appeal on this point; (3) that the court of appeals erred in
holding that Reyes' request for an independent expert was a finding not within the scope of
articles 64.03, 64.04, or 64.05, and thus one for which no appeal was authorized; (4) that
Reyes was denied due process when his original state writ application and supplemental state
writ application(s) were improperly dismissed for abuse of the writ; (5) that the prosecution
acted improperly when it knowingly withheld exculpatory evidence during the post-conviction DNA testing process; (6) that Reyes received ineffective assistance of counsel
both in his Chapter 64 proceedings as well as in the guilt/innocence and punishment stages
of his trial; (7) that the State failed to establish the scientific reliability of DNA testing and
test results through a Daubert/Kelly (3) "Gatekeeping" hearing prior to the trial court's finding
that those results were not favorable to Reyes; and (8) that the DNA test results were legally
and factually insufficient to support the trial court's findings that they were unfavorable to
Reyes.

 In October 2005, we ordered Reyes' application filed and set for submission to
determine "whether challenges to Chapter 64 proceedings (4) are cognizable in Art. 11.07
habeas proceedings." Shortly thereafter, however, this Court issued two decisions expressly
holding that "the post-conviction writ of habeas corpus is not available for . . . claims of
ineffective assistance of counsel in [Chapter 64 DNA] proceedings." Ex parte Baker, 185
S.W.3d 894, 898 (Tex. Crim. App. 2006); Ex parte Suhre, 185 S.W.3d 898, 899 (Tex. Crim.
App. 2006). Although Reyes had made several claims in addition to that of ineffectiveness
of counsel, he recognizes that the thrust of those two decisions is that challenges to Chapter
64 proceedings are not cognizable in Art. 11.07 habeas proceedings. Therefore, he concedes
that "this Court has already addressed [the] issue" before us in his case. Applicant's Brief
at 2.

 Because the basis of our decisions in Baker and Suhre was that proceedings under
Chapter 64 do not themselves challenge an inmate's conviction or sentence, we dismiss
Reyes' application for habeas corpus relief.


Delivered: December 13, 2006.

Publish.
1. All references and citations to articles are to those in the Texas Code of Criminal
Procedure.
2. See art. 64.01-.05 (Vernon Supp. 2004).
3. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); Kelly v. State, 824
S.W.2d 568 (Tex. Crim. App.1992).
4. See Art. 64.01, et seq.