COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-339-CR

 

 

JOHN CHARLES SPURLOCK                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

This appeal is from the trial court=s denial
of appellant=s second motion for DNA
testing.  In a single issue, appellant
challenges the denial, contending that the law has changed since the trial
court considered his first motion for DNA testing.  We affirm.








Appellant pled guilty to aggravated sexual
assault of his daughter.  Spurlock v.
State, No. 02-03-00269-CR, 2004 WL 102351, at *1 (Tex. App.CFort
Worth Jan. 22, 2004, pet. ref=d) (mem.
op., not designated for publication).  He
filed a motion for postconviction DNA testing in 2003, which the trial court
denied.  Id.  This court affirmed the denial on the ground
that identity was not at issue because the State presented a statement from
appellant=s daughter indicating that
appellant had sexually assaulted her beginning when she was four and continuing
until she was eleven.  Id.

Appellant filed a second motion for
postconviction DNA testing in November 2007, contending that the law about
identity being at issue had changed and that under the new law, he was entitled
to testing.  The trial court denied the
second motion.  The trial court filed the
following pertinent findings of fact and conclusions of law regarding his 2007
motion:

FINDINGS OF FACT

. . . .








7.     The
Defendant testified that he had read the victim=s diary and that she had
said that she believed she was pregnant. 
The Defendant testified that his wife had informed him of  a relationship that the victim was having
with a person who was then the victim=s boyfriend and was the victim=s husband at the time of
the hearing.  The Defendant testified
that he tried to put a stop to the relationship.  The Defendant testified that the boyfriend
had been having sex with the victim on a regular basis before the victim got
mad at the Defendant.  The Defendant
testified that DNA testing would be important and would show that he was not
the perpetrator and that there was another person involved who was being protected
at the time.

 

8.     The
Defendant testified that his defense in a new trial would be that he did not do
Athis act@ and that the victim=s boyfriend who was being
protected by the victim did Athis act.@  The
Defendant testified that he pled guilty and that the issue in his case is
whether or not the Defendant did what the victim said the Defendant did.

 

. . . .

 

CONCLUSIONS OF LAW

 

1.     Identity
was not and is not an issue in the Defendant=s case.

 

2.     On
June 17, 2003, after an evidentiary hearing, this Court found that identity was
not or is not an issue in the Defendant=s case.

 

3.     This
Court=s previous finding that
identity was not and is not an issue in this case was appealed to the Court of
Appeals, Second District of Texas.  That
Court affirmed this Court=s judgment. . . .

 

. . . .

 

5.     Even
if exculpatory results had been obtained through DNA testing, the Defendant
would have been convicted.

 








On appeal, appellant challenges the trial court=s denial
of both his 2003 and 2007 motions for postconviction DNA testing.  Appellant has already exhausted all appeals
from the trial court=s ruling on the 2003 motion
(under the law applicable to that motion) and failed to obtain relief; he
cannot complain about that ruling in this proceeding.  See Ex parte Reyes, 209 S.W.3d 126,
126B27 (Tex.
Crim. App. 2006).  Accordingly, we review
only the trial court=s ruling on the 2007
motion.  Under the version of article
64.03 applicable to his 2007 motion, appellant was entitled to DNA testing if
identity was or is an issue and a reasonable probability exists that he would
not have been convicted if exculpatory results had been obtained through
DNA testing.  Tex. Code Crim. Proc. Ann.
art. 64.03(a)(1)(B), (2)(A) (Vernon Supp. 2008).

That the victim knew the perpetrator is not
conclusive of whether identity is at issue. 
The court of criminal appeals has held that

[t]he language and
legislative history of Article 64.03(a)(1)(B) make it very clear that a
defendant, who requests DNA testing, can make identity an issue by showing that
exculpatory DNA tests would prove his innocence.  This applies even when a defendant has pled
guilty, thereby conceding the issue of identity at trial.

 








Blacklock v. State, 235 S.W.3d 231, 233 (Tex. Crim. App.
2007).  But that court has also made it
equally clear that the presence of a third person=s DNA is
not always exculpatory, depending on the other evidence in the case.  Prible v. State, 245 S.W.3d 466, 470
(Tex. Crim. App.) (A[I]f DNA testing would not
determine the identity of the person who committed the offense or would not
exculpate the accused, then the requirement of Article 64.03(a)(2)(A) has not
been met.@), cert. denied, 129 S.
Ct. 54 (2008).  Thus, when the
complainant knows an accused, that accused can make identity an issue if the
presence of third-party DNA would actually exonerate the accused.  Prible, 245 S.W.3d at 470; Blacklock,
235 S.W.3d at 233.








Appellant=s
implication in his DNA motions is that the complainant made up her story
because she was mad at him for trying to put a stop to her relationship with
her boyfriend.  But even if DNA testing
showed the presence of the boyfriend=s semen
(thus, proving that the complainant was indeed having sex with him), that
evidence does not necessarily prove that the complainant was lying when she
told the police that appellant had sexually assaulted her for seven years when
she was between four and eleven.  This is
not a one-time assault by a lone attacker as in Blacklock.  235 S.W.3d at 231B32.  The presence of the complainant=s
boyfriend=s DNA on the testable evidence
would merely raise an issue of the complainant=s
credibility, which is for resolution by the factfinder; it would not show a
reasonable probability that appellant would not have been convicted.  Cf. In re Kennard, No.
03-07-00308-CR, 2008 WL 899606, at *2 (Tex. App.CAustin
Apr. 3, 2008, no pet.) (mem. op., not designated for publication) (holding that
trial court did not err by denying DNA testing when defendant admitted having
sex with complainant but sought DNA testing to determine identity of second man
whose semen was found to undermine complainant=s
testimony that sex was not consensual); Lewis v. State, 191 S.W.3d 225,
228 (Tex. App.CSan Antonio 2005, pet. ref=d)
(holding that trial court did not err by denying DNA testing for defendant who
admitted having sex with minor but sought testing to prove minor was
promiscuous).  Accordingly, we conclude
and hold that the trial court did not err by denying appellant=s
motions for DNA testing.  We overrule his
issue on appeal.[2]

Having overruled appellant=s sole
issue, we affirm the trial court=s order
denying DNA testing.

 

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, GARDNER and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 4, 2009











[1]See Tex. R. App. P. 47.4.





[2]We strike appellant=s pro se A1st Motion To
Supplementation & Amendment To Brief Of Appellant John Charles Spurlock,
Pursuant To TRAP Rule 38.7.@  See
Rudd v. State, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981); Berry v.
State, 278 S.W.3d 492, 495 (Tex. App.CAustin 2009, pet. filed).  Regardless, it does not raise any matters
that would change the outcome of this appeal.