

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-339-CR

JOHN CHARLES SPURLOCK                                      APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

This appeal is from the trial court's denial of appellant's second motion for DNA testing. In a single issue, appellant challenges the denial, contending that the law has changed since the trial court considered his first motion for DNA testing. We affirm.

---

[1]  *See* Tex. R. App. P. 47.4.

Appellant pled guilty to aggravated sexual assault of his daughter. *Spurlock v. State*, No. 02-03-00269-CR, 2004 WL 102351, at *1 (Tex. App.—Fort Worth Jan. 22, 2004, pet. ref'd) (mem. op., not designated for publication). He filed a motion for postconviction DNA testing in 2003, which the trial court denied. *Id*. This court affirmed the denial on the ground that identity was not at issue because the State presented a statement from appellant's daughter indicating that appellant had sexually assaulted her beginning when she was four and continuing until she was eleven. *Id*.

Appellant filed a second motion for postconviction DNA testing in November 2007, contending that the law about identity being at issue had changed and that under the new law, he was entitled to testing. The trial court denied the second motion. The trial court filed the following pertinent findings of fact and conclusions of law regarding his 2007 motion:

### FINDINGS OF FACT

. . . .

7. The Defendant testified that he had read the victim's diary and that she had said that she believed she was pregnant. The Defendant testified that his wife had informed him of a relationship that the victim was having with a person who was then the victim's boyfriend and was the victim's husband at the time of the hearing. The Defendant testified that he tried to put a stop to the relationship. The Defendant testified that the boyfriend had been having sex with the victim on a regular basis before the victim got mad at the

2

Defendant. The Defendant testified that DNA testing would be important and would show that he was not the perpetrator and that there was another person involved who was being protected at the time.

8. The Defendant testified that his defense in a new trial would be that he did not do "this act" and that the victim's boyfriend who was being protected by the victim did "this act." The Defendant testified that he pled guilty and that the issue in his case is whether or not the Defendant did what the victim said the Defendant did.

. . . .

CONCLUSIONS OF LAW

1. Identity was not and is not an issue in the Defendant's case.

2. On June 17, 2003, after an evidentiary hearing, this Court found that identity was not or is not an issue in the Defendant's case.

3. This Court's previous finding that identity was not and is not an issue in this case was appealed to the Court of Appeals, Second District of Texas. That Court affirmed this Court's judgment. . . .

. . . .

5. Even if exculpatory results had been obtained through DNA testing, the Defendant would have been convicted.

On appeal, appellant challenges the trial court's denial of both his 2003 and 2007 motions for postconviction DNA testing. Appellant has already exhausted all appeals from the trial court's ruling on the 2003 motion (under

3

the law applicable to that motion) and failed to obtain relief; he cannot complain about that ruling in this proceeding. *See Ex parte Reyes*, 209 S.W.3d 126, 126–27 (Tex. Crim. App. 2006). Accordingly, we review only the trial court's ruling on the 2007 motion. Under the version of article 64.03 applicable to his 2007 motion, appellant was entitled to DNA testing if identity was or is an issue and a reasonable probability exists that he would not have been *convicted* if exculpatory results had been obtained through DNA testing. Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B), (2)(A) (Vernon Supp. 2008).

That the victim knew the perpetrator is not conclusive of whether identity is at issue. The court of criminal appeals has held that

> [t]he language and legislative history of Article 64.03(a)(1)(B) make it very clear that a defendant, who requests DNA testing, can make identity an issue by showing that exculpatory DNA tests would prove his innocence. This applies even when a defendant has pled guilty, thereby conceding the issue of identity at trial.

*Blacklock v. State*, 235 S.W.3d 231, 233 (Tex. Crim. App. 2007). But that court has also made it equally clear that the presence of a third person's DNA is not always exculpatory, depending on the other evidence in the case. *Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App.) ("[I]f DNA testing would not determine the identity of the person who committed the offense or would not exculpate the accused, then the requirement of Article 64.03(a)(2)(A) has not been met."), *cert. denied*, 129 S. Ct. 54 (2008). Thus, when the complainant

4

knows an accused, that accused can make identity an issue if the presence of third-party DNA would actually exonerate the accused. *Prible*, 245 S.W.3d at 470; *Blacklock*, 235 S.W.3d at 233.

Appellant's implication in his DNA motions is that the complainant made up her story because she was mad at him for trying to put a stop to her relationship with her boyfriend. But even if DNA testing showed the presence of the boyfriend's semen (thus, proving that the complainant was indeed having sex with him), that evidence does not necessarily prove that the complainant was lying when she told the police that appellant had sexually assaulted her for seven years when she was between four and eleven. This is not a one-time assault by a lone attacker as in *Blacklock*. 235 S.W.3d at 231–32. The presence of the complainant's boyfriend's DNA on the testable evidence would merely raise an issue of the complainant's credibility, which is for resolution by the factfinder; it would not show a reasonable probability that appellant would not have been convicted. *Cf*. *In re Kennard*, No. 03-07-00308-CR, 2008 WL 899606, at *2 (Tex. App.—Austin Apr. 3, 2008, no pet.) (mem. op., not designated for publication) (holding that trial court did not err by denying DNA testing when defendant admitted having sex with complainant but sought DNA testing to determine identity of second man whose semen was found to undermine complainant's testimony that sex was not consensual); *Lewis v.*

*State*, 191 S.W.3d 225, 228 (Tex. App.—San Antonio 2005, pet. ref'd) (holding that trial court did not err by denying DNA testing for defendant who admitted having sex with minor but sought testing to prove minor was promiscuous). Accordingly, we conclude and hold that the trial court did not err by denying appellant's motions for DNA testing. We overrule his issue on appeal.[2]

Having overruled appellant's sole issue, we affirm the trial court's order denying DNA testing.

TERRIE LIVINGSTON
JUSTICE

PANEL: LIVINGSTON, GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 4, 2009

---

[2] We strike appellant's pro se "1st Motion To Supplementation & Amendment To Brief Of Appellant John Charles Spurlock, Pursuant To TRAP Rule 38.7." *See Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981); *Berry v. State*, 278 S.W.3d 492, 495 (Tex. App.—Austin 2009, pet. filed). Regardless, it does not raise any matters that would change the outcome of this appeal.