

# NUMBERS 13-13-00435-CR & 13-13-00436-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE GEORGE OLIVAREZ

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Longoria**
**Memorandum Opinion by Justice Benavides[1]**

Relator, George Olivarez, proceeding pro se, filed a petition for writ of mandamus in the above causes through which he contends that the trial court failed to issue a ruling on his motion for appointment of counsel for the purposes of obtaining DNA

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

testing.  *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West Supp. 2011).[2]  We deny the petition for writ of mandamus.

## I. BACKGROUND

In 2000, relator pleaded guilty to two separate charges for indecency with a child in trial court cause numbers CR-00-145-ES1 and CR-00-146-ES1 in the 148th District Court of Nueces County, and was sentenced to two concurrent twenty-five year sentences.  *See* TEX. PEN. CODE ANN. § 21.11 (West Supp. 2011). Relator attempted to bring a pro se appeal of one of the judgments of conviction, but this Court dismissed the appeal for lack of jurisdiction.  *See Olivarez v. State*, No. 13-00-00310-CR, 2001 Tex. App. LEXIS 3676, at *3 (Tex. App.—Corpus Christi May 31, 2001, no pet.) (per curiam) (not designated for publication) (concerning an appeal from trial court cause number CR-00-145-ES1 in which relator pleaded guilty, was sentenced pursuant to a plea bargain, and waived the right of appeal).

Relator thereafter filed motions for DNA testing in the trial court.  By petition for writ of mandamus filed in 2007, relator complained that the trial court had not ruled on his motions for DNA testing.  *See In re Olivarez*, No. 13-07-00478-CV, 2007 Tex. App. LEXIS 6141, at **1–3 (Tex. App.—Corpus Christi Aug. 1, 2007, orig. proceeding) (per curiam) (not designated for publication) (concerning trial court cause number CR-00-145-ES1).  This Court held that relator had not met his burden to show that the trial court was asked to rule on relator's motions for DNA testing, but failed or refused to do so.  *See id.* at *3.

---

[2] Relator also filed a motion for leave to file the petition for writ of mandamus.  Relator's motion for leave to file his petition for writ of mandamus is dismissed as moot.  The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding.  *See generally* TEX. R. APP. P. 52 & cmt.

On February 16, 2011, relator filed another petition for writ of mandamus complaining that the Honorable Marisela Saldana, former judge of the 148th District Court of Nueces County, had failed to rule on relator's recent motions for DNA testing. *See In re Olivarez*, Nos. 13-11-00085-CR & 13-11-00086-CR, 2011 Tex. App. LEXIS 4370, at *2 (Tex. App.—Corpus Christi June 8, 2011, orig. proceeding) (per curiam) (not designated for publication) (concerning trial court cause numbers CR-00-145-ES1 and CR-00-146-ES1). In January 2011, former Judge Saldana was succeeded in office by the Honorable Guy Williams. *Id.* Accordingly, on February 17, 2011, this Court abated and remanded the petition for writ of mandamus in order for Judge Saldana's successor, the Honorable Guy Williams, to reconsider the matters at issue therein. *See* TEX. R. APP. P. 7.2(b) ("If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision."). On June 6, 2011, Judge Williams signed an "Order and Memorandum on Defendant's Motion for DNA Testing" denying relator's request for DNA testing. *See In re Olivarez*, 2011 Tex. App. LEXIS 4370, at **4–5. Judge Williams found that there were no reasonable grounds for granting relator's motion for DNA testing and concluded that relator was not entitled to the appointment of an attorney to represent the relator for the purposes of testing. *Id.* The State of Texas, acting by and through the District Attorney of Nueces County, Texas, thereafter filed a response to the petition for writ of mandamus contending that relator was not entitled to the relief sought. *Id.* at *3. This Court dismissed relator's petition for writ of mandamus as moot. *See In re Olivarez*, 2011 Tex. App. LEXIS 4370, at *5.

3

Relator subsequently appealed the trial court's June 6, 2011 denial of his motions for DNA testing and the appointment of counsel. *See Olivarez v. State*, Nos. 13-11-00483-CR & 13-11-00484-CR, 2012 Tex. App. LEXIS 8745, at *1 (Tex. App.— Corpus Christi Oct. 18, 2012, no pet.) (mem. op., not designated for publication). This Court affirmed the trial court's rulings. *See id.*

In this original proceeding, relator contends that the trial court has failed to rule on his January 8, 2013, motion for appointment of counsel pursuant to Texas Code of Criminal Procedure article 64.01 in both trial court cause numbers CR-00-145-ES1 and CR-00-146-ES1. The petition for writ of mandamus includes copies of relator's motion requesting appointment of counsel, allegedly filed on or about January 8, 2013, but which is neither dated nor file-stamped, and various letters from relator to the district clerk, the trial court, and this Court regarding the foregoing events and causes of action.

## II. STANDARD OF REVIEW

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* Consideration of a request or motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig. proceeding).

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a

4

reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record); *see also Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d at 661.

5

### III. ANALYSIS

A "convicted person" is entitled to counsel during a proceeding under Texas Code of Criminal Procedure, Chapter 64 (Motion for Forensic DNA Testing), if the person informs the court that he wishes to submit a motion under Chapter 64, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West Supp. 2011). Under article 64.01(c) of the Texas Code of Criminal Procedure, an indigent person seeking DNA testing is entitled to appointed counsel only if the trial court finds reasonable grounds for a testing motion to be filed. *See id.* Because the appointment of counsel under article 64.01(c) is not a ministerial act, mandamus will not lie to compel the appointment of counsel. *See In re Ludwig*, 162 S.W.3d 454, 454–55 (Tex. App.—Waco 2005, orig. proceeding). Furthermore, the denial of a motion for appointment of counsel on a motion for post-conviction DNA testing is not immediately appealable, but the issue may be raised on appeal from an order denying a motion for DNA testing. *See Gutierrez v. State*, 307 S.W.3d 318, 322–23 (Tex. Crim. App. 2010).

The Texas Court of Criminal Appeals has recognized that "Chapter 64 does not prohibit a second, or successive, motion for forensic DNA testing[.]" *Ex parte Baker*, 185 S.W.3d 894, 897 (Tex. Crim. App. 2006) (orig. proceeding). The issue in that original proceeding, however, was whether a statutory post-conviction writ of habeas corpus was available for complaints of ineffective assistance of counsel on a Chapter 64 motion for DNA testing. *See id.* The court held it was not. *Id.* On the same day, the court of criminal appeals further recognized in another original proceeding that "it is conceivable that a convicted person who receives ineffective assistance of counsel in a

6

DNA proceeding may be entitled to relief by way of a second DNA proceeding." *Ex parte Suhre*, 185 S.W.3d 898, 899 (Tex. Crim. App. 2006) (orig. proceeding).

In contrast, this case does not concern allegations of ineffective assistance of counsel on a Chapter 64 motion for DNA proceedings and thus *Baker* and *Suhre* do not control our analysis. Further, as pointed out by our sister court, the statutory language that the Texas Court of Criminal Appeals relied upon in *Suhre* to state that a successive motion was not prohibited, thus obviating the need for habeas corpus review of an allegation of ineffective assistance of counsel, has been removed by amendment of the statute. *See In re Birdwell*, 393 S.W.3d at 898 n.2. Nevertheless, assuming without deciding that the trial court has a duty to rule on successive motions for DNA testing and the appointment of counsel, we conclude that the instant case does not present such circumstances.

Relator's motion for DNA proceedings was fully adjudicated on the merits and was followed by an appeal of the trial court's denial of DNA testing and the appointment of counsel. The record currently before the Court fails to establish that the motion for appointment of counsel that relator allegedly filed in January is substantively different from the previous motions for appointment of counsel that that were addressed by the trial court and were the subject of direct appeal. Further, relator has neither argued nor shown that this case presents extraordinary circumstances that would compel the trial court's consideration of a successive motion for appointment of counsel. We conclude that relator has not shown that the trial court has abused its discretion in failing to rule on the motion for DNA testing and the appointment of counsel. *See In re Birdwell*, 224 S.W.3d at 870 ("If the issue that is the subject of a requested ruling has not previously

7

been fully adjudicated, the trial court may have a ministerial duty to rule on the motion. Thus, no ruling is required in response to a subsequent filing of a motion for DNA testing, if there has already been a full adjudication in connection with a prior motion for DNA testing, absent exceptional circumstances."); *see also In re Sims*, No. 05-13-00049-CV, 2013 Tex. App. LEXIS 2777, at *1 (Tex. App.—Dallas Mar. 15, 2013, orig. proceeding) (mem. op.) ("Relator is not entitled to a writ of mandamus requiring the trial court to repeatedly rule on the same motion [for DNA testing]."); *In re Durden*, No. 14-12-00143-CR, 2012 Tex. App. LEXIS 1412, at **4–5 (Tex. App.—Houston [14th Dist.] Feb. 23, 2012, orig. proceeding) (mem. op., not designated for publication) ("No ruling is required in response to a subsequent filing of a motion for DNA testing if there has already been a full adjudication in connection with a prior motion for DNA testing, absent exceptional circumstances.").

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not established his entitlement to the relief sought. Accordingly, the petition for writ of mandamus in these causes is DENIED. All further and other relief sought herein is likewise DENIED.

_____

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of September, 2013.

8