ACCEPTED
14-14-00504-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/20/2015 10:17:52 AM
CHRISTOPHER PRINE
CLERK

# IN THE COURT OF APPEALS
## FOR THE FOURTEENTH DISTRICT OF TEXAS
### AT HOUSTON

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

5/20/2015 10:17:52 AM

CHRISTOPHER A. PRINE
Clerk

**LUCIOUS RAY JOHNSON** §
   **Defendant/Appellant**

**v.** § **CASE NO. 14-14-00594-CR**

**THE STATE OF TEXAS** §
   **Plaintiff/Appellee** §

---

## APPELLANT'S BRIEF
## ON APPEAL FROM DENIAL OF
## POST - CONVICTION DNA TESTING
## TRIAL CASE NO. 0263473
## 176TH JUDICIAL DISTRICT COURT
## HARRIS COUNTY, TEXAS

---

**Thomas A. Martin**
**State Bar No. 50511495**
**1018 Preston, Suite 500**
**Houston, TX 77002-1824**
**713-222-0556**
**713-222-7022 (fax)**

**Appellant's Brief Filed Pursuant to *Anders v. California***

*Statement regarding oral argument: Pursuant to Texas Rule of Appellate Procedure Rule 39.7, Appellant waives oral argument in this case.*

# IDENTITY OF PARTIES AND COUNSEL

Trial Judge                          The Honorable Stacy Bond

Defendant/Appellant                  Lucious Ray Johnson

State's Attorney                     Aaron C. White
                                     State Bar No. 24060819
                                     Harris County District Attorney's Office
                                     1201 Franklin, Suite 400
                                     Houston, TX 77002
                                     713-755-5800


Defendant's DNA Testing
     Attorney                        Thomas A. Martin
                                     State Bar No. 50511495
                                     1018 Preston, Suite 500
                                     Houston, TX 77002-1824
                                     713-222-0556
                                     713-222-7022 (fax)


Appellant's Appellate Attorney       Thomas A. Martin
                                     State Bar No. 50511495
                                     1018 Preston, Suite 500
                                     Houston, TX 77002-1824
                                     713-222-0556
                                     713-222-7022 (fax)

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL     i

INDEX OF AUTHORITIES     iii

STATEMENT OF THE CASE     1

ISSUE PRESENTED     3

STATEMENT OF FACTS     4

SUMMARY OF THE ARGUMENT     5

ARGUMENT     6

PRAYER     9

CERTIFICATE OF SERVICE     10

CERTIFICATE OF COMPLIANCE     11

# INDEX OF AUTHORITIES

## CASES

*Anders v. California*, 386 U.S. 738 (1967)                                    6, 8

*Dinkins v. State*, 84 S.W.3d 639, 642 (Tex.Crim.App. 2002)                    7, 8

*Ex parte Baker,* 185 S.W.3d 894, 898 (Tex.Crim.App. 2006)                     8

*Ex parte Suhre*, 185 S.W.3d 898, 899 (Tex.Crim.App. 2006)                     8

*Rivera v. State*, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002)                       6

*Whitaker v. State*, 160 S.W.3d 5, 8 (Tex.Crim.App. 2004)                      6

*Johnson v. State*, No. 14-06-00317-CR
 (Tex.App. - Houston [14th Dist.] 2007)(unpub.op.)                             4

## CODES

Texas Code of Criminal Procedure art. 64.03                                    7

**STATEMENT OF THE CASE**

The following is offered as a Statement of the Case for appellate review:

1. On February 22, 1978, Lucious Ray Johnson was found guilty of the felony offense of aggravated rape, in case # 263473, in the 176th district court of Harris County, Texas. Supplemental Clerk's Record April p. 14.[1]

2. Mr. Johnson was sentenced to 99 years TDC. *Id.*

3. Mr. Johnson has filed nine separate *pro se* applications for writ of habeas corpus, all of which have been denied by the Texas Court of Criminal Appeals. *Id.*

4. On March 17, 2006, the trial court denied Mr. Johnson's first motion for post-conviction DNA testing due to a lack of evidence available for testing. *Id.*

5. On March 29, 2007, this Court affirmed the denial by the trial court of Mr. Johnson's motion for post-conviction DNA testing in an unpublished opinion. *Johnson v. State*, No. 14-06-00317-CR (Tex.App. - Houston [14th Dist.] 2007)(unpub.op.). *Id.*

6. On September 27, 2010, Mr. Johnson filed his second *pro se* motion for post-conviction DNA testing. SCRApr p. 15.

---

[1] There is no Court Reporter's Record in this case. There are two "supplemental" clerk's records, one provided to this Court on January 21, 2015, and the second provided to this Court on April 9, 2015. The Clerk's Record designations shall be set forth as "SCRJan " or "SCRApr" with appropriate page numbers.

7. On May 2, 2014, the trial court again denied Mr. Johnson's motion for DNA testing based upon the lack of evidence available for testing. SCRApr p. 16.

8. Mr. Johnson subsequently filed a *pro se* notice of appeal. On December 9, 2014, the trial court subsequently appointed the undersigned counsel to represent Mr. Johnson with his DNA testing appeal. SCRJan p. 3.

9. Appellant's Appellate Brief is now timely filed if submitted on or before May 20, 2015.

# ISSUE PRESENTED

I.    There are no issues presented for review. This is a brief filed pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1397 (1967). Appellate counsel is contemporaneously filing a motion to withdraw.

## STATEMENT OF FACTS

Appellant is appealing again the denial of his most recent motion for DNA testing. On April 28, 2014, the State filed its findings of fact and motion denying DNA testing. The State asked the trial court to deny testing because of the lack of available evidence for testing. Most notably, this is the exact same ground for the requested denial of testing that was cited in this Court's earlier opinion issued on March 29, 2007, and cited earlier in this document. *See Johnson v. State*, No. 14-06-00317-CR (Tex.App. - Houston [14th Dist.] 2007)(unpub.op.). On May 2, 2014, the trial court signed its order granting the State's motion for denial of DNA testing.

There is, unfortunately for Mr. Johnson, no new evidence available for testing. The State's affidavits clearly show there is no new evidence available for DNA testing. The trial court made the appropriate ruling based upon the lack of available evidence for DNA testing.

## SUMMARY OF THE ARGUMENT

I.      Whether there are any non-frivolous issues to present for review associated with the trial court's denial of Mr. Johnson's second motion for post-conviction DNA testing.

There are no non-frivolous issues to present for review related to Mr. Johnson's second motion for post-conviction DNA testing.

There is no evidence in the record that shows that there is any biological evidence that can be tested for DNA. Therefore, the trial court acted properly in denying appellant's second DNA motion.

Appellate counsel is filing a contemporaneous motion to withdraw.

# ARGUMENT

## Standard of Review

This Court reviews a trial court's decision to DNA testing under a bifurcated standard of review. *See Whitaker v. State*, 160 S.w.3d 5, 8 (Tex.Crim.App. 2004). This Court defers to the trial court's determination of issues of historical fact and application of law to fact issues that turn on credibility and demeanor, while it reviews *de novo* other application of law to fact issues. *Id.* Employing this standard, this Court defers to a trial court's finding as to whether the claimed DNA evidence exists and exists in a condition capable of testing. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002).

## Argument & Authorities

Appellant counsel has reviewed the entire record in this case, and believes that there are no arguable issues to present to this Court on appeal. Appellant counsel believes that any issue raised in connection with the denial of DNA testing due to the lack of available evidence suitable for testing is without merit on appeal. Since there are no arguable issues to raise on appeal, this case is guided by *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1397 (1967).

Under Texas Code of Criminal Procedure art. 64.03, a trial court may order forensic DNA testing only if the court first finds that the evidence still exists and is

in a condition making DNA testing possible. TEX.CODE CRIM.PRO. Art. 64.03(a)(1)(A)(i); *Dinkins v. State*, 84 S.W.3d 639, 642 (Tex.Crim.App. 2002).

On April 28, 2015, the State filed its motion requesting the trial court to deny DNA testing based upon the lack of available evidence. SCRApr p. 3-13. The State based its motion upon the affidavits of Barbara Anderson, Lori Bates Wilson, Joseph Hill, Marilyn Skinner, and Q. Thigpen. *Id.* All of the affidavits essentially state the following fact: after a diligent and thorough search of property in their respective agency's possession, their respective agency is not in possession of any biological material suitable for DNA testing.

Pursuant to Texas Code of Criminal Procedure art. 64.03(a)(1), the failure to show that evidence still exists and is in a condition making testing possible is sufficient reason to deny testing.

As this Court well knows, the State is not obligated or responsible for generating or collecting new biological material in support of a defendant's post-conviction DNA motion for testing.

In this situation with a second motion for DNA testing, while it is possible that a trial court could legally grant a subsequent motion for DNA testing after denying an original motion, there must first be evidence that "still exists" and that can be tested before a judge can grant an order for such testing. TEX.CODE CRIM.PRO. Art.

7

64.03(a)(1)(A)(i); *Dinkins v. State*, 84 S.W.3d 639, 642 (Tex.Crim.App. 2002). In this case, there is no evidence in the record that shows that there is any evidence that still exists and can be tested for DNA purposes. *See Ex parte Suhre*, 185 S.W.3d 898, 899 (Tex.Crim.App. 2006); *Ex parte Baker*, 185 S.W.3d 894, 898 (Tex.Crim.App. 2006).

Therefore, there are no arguable issues to raise on appeal. *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1397 (1967). The issues that have been researched by appellate counsel are well settled, and the rulings or opinions on those issues are not favorable to Mr. Johnson. Counsel respectfully requests that he be allowed to withdraw from this appeal.

## **PRAYER**

For these reasons, the undersigned counsel respectfully prays that this Court find that there are no non-frivolous arguments to present for review in this DNA testing appeal, allow counsel's request to withdraw from further representation, and for all such other relief to which he may be justly entitled.

Respectfully submitted,

*/s/ Thomas A. Martin*

Thomas A. Martin
Appellant's Counsel

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of the foregoing Appellant's Brief has been provided all parties and/or counsel of record in accordance with the Texas Rules of Appellate Procedure on <u>May 20, 2015.</u>

Harris County District Attorney's Office
Appellate Division
1201 Franklin
6th Floor
Houston, TX 77002

Mr. Lucious Ray Johnson
4303 Botany Lane
Houston, TX 77047

*/s/ Thomas A. Martin*

Thomas A. Martin

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rules of Appellate Procedure 9.4( i)(3), the undersigned counsel certifies that this brief complies with the type-volume limitations of Texas Rules of Appellate Procedure 9.4(i).

1.  Exclusive of the portions exempted by Texas Rules of Appellate Procedure 9.4(i), this brief contains 1,763 words printed in proportionally spaced typeface.

2.  This brief is printed in proportionally spaced serif typeface using Times New Roman 14 point font in text and Times New Roman 12 point font in footnotes produced by WordPerfect Office X6 software.

3.  Upon request, the undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.  Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Texas Rules of Appellate Procedure 9.4(i) may result in the Court's striking this brief and imposing sanctions against the person who signed it.

*/s/ Thomas A. Martin*

Thomas A. Martin