# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00471-CR

### In re James Edward Nealy

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 48,441, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

James Edward Nealy is serving the prison sentence imposed following his 1999 conviction for aggravated assault with a deadly weapon.[1] He appeals from the district court's order denying his pro se motion for forensic DNA testing of the knife introduced in evidence at his trial. He contends that the district court erred by finding that identity was not an issue in the case. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B) (West Supp. 2009). We affirm the order.

This is Nealy's fourth motion for DNA testing of the knife.[2] In each instance, the district court has refused to order testing after finding that identity is not an issue. Nealy's appeal

---

[1] Nealy's conviction was affirmed on appeal. *Nealy v. State*, No. 03-99-00157-CR, 1999 Tex. App. LEXIS 8943 (Tex. App.—Austin Dec. 2, 1999, pet. ref'd) (not designated for publication).

[2] Chapter 64 does not prohibit successive testing motions. *Ex parte Baker*, 185 S.W.3d 894, 897 (Tex. Crim. App. 2006). Nevertheless, the district court's frustration with Nealy's repeated requests for DNA testing is obvious. The court's certification of Nealy's right of appeal has this added notation: "The Defendant has appealed the denial of DNA testing. (Again.) The court is not going to appoint any more attorneys to represent Defendant. He can file his pro se appeal until the [court of appeals] says it is enough."

from the court's first denial of testing was dismissed for want of jurisdiction. *In re Nealy*, No. 03-04-00761-CR (Tex. App.—Austin Apr. 14, 2005, pet ref'd) (mem. op., not designated for publication). The second and third denials were affirmed after the Court agreed with Nealy's appointed attorneys that the appeals were frivolous under *Anders v. California*, 386 U.S. 738 (1967). *In re Nealy*, No. 03-05-00856-CR, 2006 Tex. App. LEXIS 5347 (Tex. App.—Austin June 23, 2006, pet. ref'd) (mem. op., not designated for publication); *In re Nealy*, No. 03-08-00191-CR, 2008 Tex. App. LEXIS 8739 (Tex. App.—Austin Nov. 20, 2008, no pet.) (mem. op., not designated for publication).

Before DNA testing may be ordered under chapter 64, the trial court must find that identity was or is an issue in the case, and the applicant must establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B), (2)(A). Regardless of the defendant's plea and the strength of the identification evidence adduced at the trial, the defendant can make identity an issue in the case by showing that DNA tests would prove his innocence. *Esparza v. State*, 282 S.W.3d 913, 922 (Tex. Crim. App. 2009); *Blacklock v. State*, 235 S.W.3d 231, 233 (Tex. Crim. App. 2007); *see also* Tex. Code Crim. Proc. Ann. art. 64.03(b) (West Supp. 2009). But if DNA testing would not determine the identity of the person who committed the offense or would not exculpate the person convicted, then these requirements are not met. *Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008).

The Court's opinion on appeal reflects that, during an argument, Nealy reached into his pocket and then swung his arm at the complainant. The complainant later discovered that he had

2

been cut. The injury was not serious, and the complainant did not seek medical attention. Both the complainant and his father, who witnessed the incident, testified that Nealy had a knife. The complainant's mother testified that she later found the knife in question in the yard where the assault occurred and took it to the police. A police detective testified that the knife was brought to the station about three weeks after the incident. There was no visible blood on the knife and it was not fingerprinted because so many people had handled it. The detective testified that this knife could have caused the injury to the complainant, but that any number of sharp objects could have caused the cut.

In his motion, Nealy urges that testing would show that his DNA is not on the knife and thus establish that the knife was not used in the assault. Nealy argues that had such exculpatory DNA evidence been introduced at his trial, he would not have been convicted of aggravated assault, but of only simple assault at most. *See Leal v. State*, No. AP-76,049, 2009 Tex. Crim. App. LEXIS 1611, at *9 (Tex. Crim. App. Nov. 18, 2009) (holding that defendant may be entitled to forensic DNA testing if evidence sought would exculpate him only of aggravating-factor elements of capital murder). However, while the evidence suggests that the knife found at the scene was probably the knife used in the assault, the evidence does not establish that this knife must have been the sharp instrument that inflicted the complainant's wound. Moreover, there is no evidence that Nealy would necessarily have left biological material containing his DNA on the knife in committing the offense. Therefore, the absence of Nealy's DNA on the knife would not disprove the aggravating element of the offense.

The district court correctly found that identity is not an issue in this case. Nealy has not shown by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained by DNA testing.

The order denying DNA testing is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: April 29, 2010

Do Not Publish

4